R. E. NANCE AND PARKER W. MORRIS ON BEHALF OF THEMSELVES AND OTHER TAXPAYERS AND PROPERTY OWNERS SIMILARLY SITUATED, v. THE CITY OF WINSTON-SALEM, AND THE FORSYTH COUNTY BOARD OF ELECTIONS, AND T. SPRUILL THORNTON, PHILIP E. LUCAS AND NISSEN SHORE, AS MEMBERS OF THE FORSYTH COUNTY BOARD OF ELECTIONS.

(Filed 7 January, 1949.)

**1. Appeal and Error § 31e—**

Where an election sought to be enjoined has been held, an appeal from judgment denying injunctive relief against the holding of the election will be dismissed, since the questions sought to be presented by the appeal have become academic.

**2. Same—**

In a suit to enjoin the holding of a city limits extension election, allegations of irreparable damage in that plaintiffs' land would be subject to unlawful taxes by the city, cannot be construed as a cause of action to enjoin the levy or collection of taxes by the municipality, and thus prevent dismissal on appeal where the election sought to be enjoined has already been held.

**3. Pleadings § 22b—**

A party will not be allowed to amend his complaint so as to engraft on the action a cause which arose after the institution of the suit and after the hearing in the trial court.

APPEAL by plaintiffs from *Gwyn, J.,* September Term, 1948, FORSYTH.

Civil action to enjoin the holding of a city limits extension election.

The governing board of the City of Winston-Salem, acting under authority of its charter as amended by Chap. 710, Session Laws, 1947, adopted a resolution annexing five separate communities lying just outside of and adjacent to the corporate limits of the city, subject to the approval of the voters, and called an election for the purpose of submitting said proposal to the electorate for their approval or rejection. A separate election was to be held as to each community, but the elections as to all were to be held on the same day, to wit, 21 September 1948. Plaintiffs, on 11 September, instituted this action to restrain and enjoin defendants from proceeding with said election.

The cause came on to be heard in the court below on the motion for a permanent injunction. Upon said hearing the court entered judgment denying the motion and dismissing the action. Plaintiffs excepted and appealed.

*John J. Ingle and Deal & Hutchins for plaintiff appellants.*

*Womble, Carlyle, Martin & Sandridge for City of Winston-Salem, appellee.*

BARNHILL, J. The election plaintiffs seek to enjoin was held 21 September 1948. Hence the questions they seek to present on this appeal are now academic. The appeal is therefore dismissed on authority of *Eller v. Wall, ante,* p. 359, and *Penland v. Gowan, ante,* p. 449.

But the plaintiffs insist that they, in their complaint, seek also to enjoin the levy of a proposed tax on the residents of the annexed territory, and that therefore the action should not be dismissed but should be retained for the adjudication of the validity of this proposed tax. We do not so construe the complaint.

They allege that if the election is held, they "will be irreparably damaged . . . in that their lands and other property located in the territory proposed to be annexed will be subjected to unlawful taxes by the City of Winston-Salem, and the City of Winston-Salem will undertake to collect and will collect said taxes." This allegation is incorporated in the complaint as an allegation of an element of the damages which will flow from the holding of said election. In no sense is it a statement of fact made as the basis of an independent cause of action or demand for relief. Indeed, at that time defendants were not attempting or threatening to

levy a tax on the property in the territory they sought to annex. They were without power or authority so to do until and unless the resolution of annexation was approved by the voters.

No cause of action for the wrongful levy or threatened levy of an unlawful tax is alleged in the complaint. No such cause of action existed at the time this action was instituted. If it now exists it arose after the election was held and the results favorable to the annexation declared. Plaintiffs cannot now engraft on this action a cause of action which arose after the institution of this suit and after the hearing in the court below. Hence the motion to be allowed to amend the complaint, filed in this Court, is denied.

Appeal dismissed.