MABEL GERTRUDE POWERS v. ROBESON COUNTY MEMORIAL HOSPITAL, INC., AND BERNIE H. SMITH.

(Filed 25 May, 1955.)

**1. Pleadings § 25½—**

Where an allegation in the pleading is admitted by the adverse party, such judicial admission establishes the fact admitted, removes it from the issuable matters, and relieves the party making the allegation of the necessity of proving it at the trial.

**2. Master and Servant § 47—**

This action was instituted by a student nurse for injuries received in an automobile collision. Plaintiff in her reply admitted that the relationship between plaintiff and the hospital was that of employee and employer, that plaintiff was furnished transportation to and from the nurses' home as a part of the contract of employment, and that her injury arose out of and in the course of her employment by the hospital. The uncontradicted evidence at the trial tended to show that the hospital regularly employed more than five employees. *Held:* Nonsuit as to the defendant hospital on the ground that the claim against it was within the exclusive jurisdiction of the Industrial Commission, was proper.

**3. Same—**

Whether an employer has the required number of employees to bring their employment within the coverage of the Workman's Compensation Act is a jurisdictional fact to be found by the court.

**4.  Appeal and Error § 40d—**

Where all the facts necessary to bring the claim within the jurisdiction of the Industrial Commission are admitted except as to the number of employees regularly employed by defendant, and the uncontradicted evidence discloses that defendant regularly employed more than five employees, it will be assumed, in the absence of a request for findings of fact, that the court, in allowing defendant's motion for judgment as of nonsuit on the ground of exclusive jurisdiction of the Industrial Commission, found this jurisdictional fact.

**5.  Automobiles § 18h (2)—**

Evidence of negligence on the part of the individual defendant, proximately causing collision at an intersection *held* sufficient to overrule his motion to nonsuit.

APPEAL by plaintiff from *Bickett, J.,* at December 1954 Civil Term, of ROBESON.

Civil action to recover damages for personal injury allegedly resulting proximately from joint and concurrent negligence of defendants in a motor vehicle collision at a street intersection.

The admissions in the pleadings as shown in the record on this appeal disclose that the collision occurred between 11 and 12 o'clock on the 10th day of December, 1953, at the intersection of Fifteenth and Walnut Streets in the city of Lumberton, N. C.; that the collision was between a station wagon automobile owned and used by defendant Hospital, Inc., in connection with operation of its hospital, traveling westwardly on Fifteenth Street and operated by its agent, servant, employee and chauffeur, within the course and scope of his employment, and an automobile owned and operated by defendant Smith, northwardly along Walnut Street; that plaintiff was riding in the station wagon automobile as an employee of defendant Hospital, Inc., being transported from the "Nurses' Home" to the hospital of defendant Hospital, Inc.; and that plaintiff sustained injuries as result of the collision.

Plaintiff sets forth in her complaint the acts of negligence of the respective defendants which she alleges caused the injuries she sustained.

Defendants, in their respective answers, deny these allegations as they relate to each answering defendant.

Defendant Hospital, Inc., in its fourth further answer and defense pleads the provisions of the North Carolina Workmen's Compensation Act as set forth in Chapter 97, Article 1 of General Statutes of North Carolina, in bar of plaintiff's right to maintain this action against it,— defendant Hospital, Inc.

In this connection, defendant Hospital, Inc., averred therein, and plaintiff in her reply thereto admitted, the following, as of the time of the collision, summarily stated: That the relationship between plaintiff and defendant Hospital, Inc., was that of employee and employer,—

she being employed as a student nurse, receiving room and board and free instructions as a student in return for services as such nurse; that as a part of her employment plaintiff was furnished living quarters in the defendant's Nurses' Home, and transportation to and from the Nurses' Home and the defendant's hospital; that plaintiff was being furnished transportation by the defendant Hospital, Inc., from its Nurses' Home to its hospital as a part of the employer-employee relationship existing between them,—and plaintiff was riding in the station wagon of the defendant by reason of this relationship; and that plaintiff's injuries arose out of, and in the course of her employment by defendant Hospital, Inc.

Defendant Hospital, Inc., also averred in said fourth further answer and defense that at the time of the collision there were at least seven other employees of this defendant riding in the station wagon, and that this defendant had more than five employees regularly employed by it in the operation of the hospital.

Plaintiff replying thereto admits that there were at least seven persons riding in the station wagon, but for lack of sufficient information to form a belief, she denies the averment that defendant Hospital, Inc., had more than five employees regularly employed by it. And plaintiff, on information and belief, denies the averments of defendant Hospital, Inc., in respect to its plea of the North Carolina Workmen's Compensation Act, Chapter 97, Article 1 of the General Statutes in bar of this action.

There is no allegation that either plaintiff or Hospital, Inc., had rejected the provisions of the said Compensation Act.

At December 1954 Civil Term of said Superior Court the case came on for trial. The evidence offered by plaintiff tended to show that prior to and at the time of her injury, defendant Hospital, Inc., had many more than five employees in its employment; that plaintiff stayed at the Nurses' Home, where more than five nurses were staying; that she ate at the hospital in the dining room; that the hospital furnished her room and meals, and uniforms, and transportation from the Nurses' Home to the hospital and back; that she was furnished textbooks for use in her studies, and with instruction as to nursing and training; that when she was accepted she paid $25.00, and that was all the money she paid to the hospital; and that she had been in training from September 1952 until the date of her accident.

Plaintiff also called to the witness stand and examined defendant Bernie H. Smith as her witness. He gave his version of how the collision occurred.

At the close of plaintiff's evidence both defendants moved for judgment as of nonsuit. The court, being of opinion that the motion of

defendant, Hospital, Inc., should be allowed for that the court has no jurisdiction over this action so far as the Hospital, Inc., is concerned, in that the exclusive remedy of plaintiff against the Hospital, Inc., is under the Workmen's Compensation Act of North Carolina, so adjudged. And the court also allowed the motion of defendant Smith.

To judgment in accordance therewith plaintiff excepted and appeals to Supreme Court, and assigns error.

*Hackett & Weinstein and Varser, McIntyre & Henry for plaintiff, appellant.*

*E. J. Britt, McLean & Stacy, and Carpenter & Webb for defendant Hospital, Inc., appellee.*

*I. Murchison Biggs for defendant Smith, appellee.*

WINBORNE, J. This appeal challenges, in the main, the correctness of the rulings of the trial court in allowing motions of defendants, respectively, for judgment as of nonsuit.

I. *As to the ruling on motion of defendant Hospital, Inc.:*

At the outset let it be noted that the admissions made by plaintiff in her pleading are sufficient to bring plaintiff's employment by defendant Hospital, Inc., within the provisions of the North Carolina Workmen's Compensation Act, save and except as to the matter of the number of the employees regularly employed by defendant Hospital, Inc., in the operation of its hospital. G.S. 97-2 (a).

Such admissions are judicial in character, and binding on plaintiff. In Stansbury's North Carolina Evidence, at p. 352, the author states that a judicial admission is "a formal concession made by a party (usually through counsel) in the course of litigation, either in a pleading or by way of stipulation before or at the trial, for the purpose of withdrawing a particular fact from the realm of dispute. Such an admission is not evidence, but rather removes the admitted fact from the field of evidence by formally conceding its existence. It is binding in every sense, preventing the party who makes it from introducing evidence to dispute it, and relieving the opponent from the necessity of producing evidence to establish the admitted fact. In short, the subject matter of a judicial admission ceases to be an issue in the case . . ." See also *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16, and cases cited.

Moreover, the case on appeal shows that upon trial in Superior Court the uncontradicted evidence is that defendant Hospital, Inc., had not only as many as five, but had many more than five employees regularly employed by it in the operation of its hospital. If the evidence be true, all of the essential elements necessary to bring the employment of plaintiff by defendant Hospital, Inc., within the provisions of the North

Carolina Workmen's Compensation Act, and under the jurisdiction of the North Carolina Industrial Commission, are present. See *McNair v. Ward,* 240 N.C. 330, 82 S.E. 2d 85, and cases cited.

Whether the hospital had the required number of employees is a jurisdictional fact to be found by the court. See *Aycock v. Cooper,* 202 N.C. 500, 163 S.E. 569; *Aylor v. Barnes, ante,* 223, and cases cited. But in the absence of a request for such finding, it will be assumed that, in allowing the motion for judgment as of nonsuit on the ground stated, the court found the essential facts.

Therefore, error is not made to appear in the ruling allowing judgment as of nonsuit as to defendant Hospital, Inc.

II. *Now, as to ruling on motion of defendant Smith:*

Taking the evidence offered upon the trial in Superior Court in the light most favorable to plaintiff, giving to her the benefit of every reasonable inference, as must be done in considering a demurrer to the evidence pursuant to provisions of G.S. 1-183, this Court is of opinion and holds that as the issues relate to defendant Smith, a case is made for the jury. Hence, as there must be a new trial as to him, the Court refrains from recital of the evidence in detail.

III. The assignments of error based upon exceptions to matters of evidence do not materially affect the decision here reached.

As to defendant Hospital, Inc.—Affirmed.

As to defendant Smith—New trial.