ANNIE LEE COX, Administratrix of the Estate of SIMON W. COX, Deceased, and Guardian of SIMON RAY COX and others, minor dependants of SIMON W. COX, Deceased v. PITT COUNTY TRANS-PORTATION COMPANY, INC., and FIDELITY & CASUALTY COMPANY OF NEW YORK, Compensation Carrier.

(Filed 6 March 1963.)

**1. Master and Servant § 82, 84; Declaratory Judgment Act § 1—**

Where the widow of a deceased employee has received a settlement from the third person tort-feasor for negligence in causing the death of the employee, the proceeds from such settlement must be disbursed according to the provisions of the Workmen's Compensation Act, G.S. 97-10.2, and the Industrial Commission has exclusive original jurisdiction of the disbursement of such funds.

**2. Same—**

Where the widow has received a settlement from the third person tort-feasor for negligence in causing the death of the employee, neither she nor the other dependants may maintain a proceeding under the Declaratory Judgment Act to establish their right to retain the complete settlement and remit the employer and its insurance carrier to proceedings against the third person tort-feasor for reimbursement of amounts paid under the Compensation Act, and the Superior Court can acquire jurisdiction of the disbursement of such fund only by appeal from the Commission.

APPEAL by plaintiffs from *Mintz, J.,* 27 August Term 1962 of PITT.

This is a civil action instituted in the Superior Court of Pitt County on 4 June 1962 for a declaratory judgment.

Plaintiffs' intestate, Simon W. Cox, was employed by Pitt County Transportation Company, Inc., and was subject to the provisions of the North Carolina Workmen's Compensation Act, and while so employed and acting in the furtherance of the employer's business came to his death by accident in the Town of Greenville, Tennessee, on 29 December 1961, through the alleged negligence of one James Jackie Shore, an employee of the H. W. Miller Trucking Company, Inc. of Durham, North Carolina.

Plaintiffs' deceased left surviving as his dependents his widow, Mrs. Annie Lee Cox, and five minor children, ranging in age from nineteen months to nine years, and his surviving widow pregnant and expecting a sixth child in August 1962, which child was born 5 August 1962. Annie Lee Cox qualified as administratrix of the estate of her husband, Simon W. Cox, and as guardian of the minor dependents of said deceased, before the Clerk of the Superior Court of Greene County, North Carolina, but is now a resident of Pitt County, North Carolina.

Following the death of Simon W. Cox, his employer, Pitt County Transportation Company, Inc., gave notice thereof to the North Carolina Industrial Commission (hereinafter called Industrial Commission) and to the Fidelity & Casualty Company of New York, its insurance carrier. On 21 March 1962, the Industrial Commission entered an award, directing payment of $35.00 per week for 274-2/7 weeks to the widow and children of the deceased, and the sum of $400.00 for funeral expenses.

In the meantime, the widow made demand on H. W. Miller Trucking Company, Inc. for damages for the wrongful death of her husband, Simon W. Cox, pursuant to the provisions of the Tennessee Code, section 20-607. After several months of negotiations, the H. W. Miller Trucking Company, Inc. agreed to pay into court for the benefit of the estate of said deceased the sum of $50,000, for full and complete release and discharge of all claims and demands arising out of the death of said deceased, and further agreed to indemnify the administratrix to the extent of such amount, if any, as she might be legally required to repay for compensation paid to her by reason of said settlement, which settlement was duly authorized and approved by the Clerk of the Superior Court of Greene County and affirmed by the Resident Judge of the Third Judicial District. Said funds have been paid into the office of the Clerk of the Superior Court of Greene County and said funds are now held by said Clerk.

The defendant Fidelity & Casualty Company of New York gave notice in writing on 20 March 1962 to the plaintiffs and to the H. W. Miller Trucking Company, Inc., that it was subrogated to all the rights of the deceased employee by reason of the payment by it of compensation awarded and its acceptance, and that it was entitled to recover and be reimbursed out of any recovery or settlement made by the administratrix all compensation paid by it on account of the death of Simon W. Cox, employee, under the provisions of the North Carolina Workmen's Compensation Act (section 97-10.2 of the General Statutes), which the plaintiffs deny and assert the same has no application under the facts in this case.

The plaintiffs pray for a declaratory judgment, adjudging as follows:

"1st. That the defendants have no legal right to demand of the plaintiffs reimbursement or repayment of any amount paid or awarded to be paid as compensation under the North Carolina Workmen's Compensation Act on account of the death of Simon W. Cox, by reason of the settlement made by the plaintiffs with H. W. Miller Trucking Company.

"2nd. That the plaintiffs are entitled to receive the full compensation awarded by the North Carolina Industrial Commission and the defendants be ordered to fully comply with said award.

"3rd. That the defendants have no right or claim whatever by reason of the settlement of the death claim by the plaintiffs.

"4th. That all matters in controversy in this action be judicially determined by entry of a Declaratory Judgment, and for the recovery of the costs of the action."

This cause came on to be heard on 27 August 1962, pursuant to notice, and being heard upon motion of the defendants herein to dismiss this action for that the original jurisdiction of this cause of action is in the North Carolina Industrial Commission, and that the respective rights of the plaintiffs and the defendants may be determined in the proceeding now pending before said Commission. The court, being of the opinion that defendants' motion should be allowed, entered an order sustaining the motion and dismissing the action.

The plaintiffs appeal, assigning error.

*Lewis G. Cooper and Charles H. Whedbee, attorneys for plaintiffs.*
*Teague, Johnson & Patterson, attorneys for defendants.*

DENNY, C.J. The primary question presented on this appeal is whether our Declaratory Judgment Act may be used to determine whether or not the employer's insurance carrier is entitled to the right of subrogation against the funds received from the third party, tort feasor, under the provisions of G.S. 97-10.2, or does the Industrial Commission have the exclusive original jurisdiction to determine the question posed herein.

It is pointed out in G.S. 97-10.2 (f) (1): "If the employer has filed a written admission of liability for benefits under this chapter with, or if an award final in nature in favor of the employee has been entered by, the Industrial Commission, then *any amount obtained by any person by settlement with, judgment against, or otherwise from*

the third party by reason of such injury or death shall be disbursed by order of the Industrial Commission for the following purposes and in the following order of priority:

"a. First to the payment of actual court costs taxed by judgment.

"b. Second to the payment of the fee of the attorney representing the person making settlement or obtaining judgment, and such fee shall not be subject to the provisions of section 90 of this chapter but shall not exceed one third of the amount obtained or recovered of the third party.

"c. Third to the reimbursement of the employer for all benefits by way of compensation or medical treatment expense paid or to be paid by the employer under award of the Industrial Commission.

"d. Fourth to the payment of any amount remaining to the employee or his personal representative." (Emphasis added.)

G.S. 97-91 provides: "All questions arising under this article if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided." Greene v. Spivey, 236 N.C. 435, 73 S.E. 2d 488.

"As a general rule where a statute provides a special form of remedy for a specific type of case, the statutory remedy must be followed, and under such circumstances a declaratory judgment will not be granted. This is especially so where the statutory remedy is exclusive * * *." 26 C.J.S., Declaratory Judgments, section 20, page 89.

"A court will not take jurisdication to render a declaratory judgment where another statutory remedy has been especially provided for the character of case presented, if the effect would be to interfere with the right of the parties to appeal to the court given jurisdiction in that particular matter by the statute. Likewise, a declaration will not be made where the purpose is to affect proceedings which may be taken before a public board which has full power to act in the matter and which would not be bound by the declaratory judgment. * * *" 16 Am. Jur., Declaratory Judgments, section 21, page 295.

In the case of Insurance Co. v. Unemployment Compensation Com., 217 N.C. 495, 8 S.E. 2d 619, the plaintiff instituted a declaratory judgment proceeding in the Superior Court to have determined the question whether it should contribute to the unemployment compensation plan in behalf of one of its agents, which it claimed was an independent contractor. This Court held the defendant's demurrer interposed in the Superior Court was properly sustained. Inter alia, this Court said: "Where an administrative remedy is provided by

statute for revision, against collection, or for recovery of taxes assessed or collected, the taxpayer must first exhaust the remedy thus provided before the administrative body, otherwise he cannot be heard by a judicial tribunal to assert its invalidity. *Distributing Corp. v. Maxwell,* 209 N.C. 47, 182 S.E. 724; *Hart v. Comrs.,* 192 N.C. 161, 134 S.E. 405; *Maxwell v. Hinsdale,* 207 N.C. 37 (175 S.E. 847). He must not only resort to the remedies that the Legislature has established but he must do so at the time and in the manner that the statute and proper regulations provide."

In *Development Co. v. Braxton,* 239 N.C. 427, 79 S.E. 2d 918, the plaintiff brought an action under the Declaratory Judgment Act to determine the right of the county to collect a certain tax. The Court said: "If a tax is levied against a taxpayer which he deems unauthorized or unlawful, he must pay the same under protest and then sue for its recovery. G.S. 105-406; *Hunt v. Cooper,* 194 N.C. 265, 139 S.E. 446. And if the statute provides an administrative remedy, he must first exhaust that remedy before resorting to the courts for relief."

In the case of *Worley v. Pipes,* 229 N.C. 465, 50 S.E. 2d 504, the plaintiff, a physician, rendered services to an injured employee without knowledge that the injury was covered by the Compensation Act, and thereafter upon discovery that the injury was compensable, filed a claim for such services with the Industrial Commission. The Industrial Commission approved a sum less than the full amount of the claim. The plaintiff accepted the amount approved without requesting a hearing by the Industrial Commission and then brought an action against the injured employee to recover the balance claimed. The Court held that the plaintiff had not exhausted his remedies before the Industrial Commission and was barred by the terms of the Act. " * * * (S)ince the Act provides that fees for physicians be subject to the approval of the commission, and makes it a misdemeanor for any one to receive any fee for services so rendered unless it be approved by the Commission, any promise made by defendant, the employee, to pay plaintiff the balance due on his account is unenforceable and void."

In an action instituted in the Superior Court under the Declaratory Judgment Act or otherwise, when the pleadings disclose an employee-employer relationship exists so as to make the parties subject to the provisions of the Workmen's Compensation Act, dismissal is proper, for the Industrial Commission has exclusive jurisdiction in such cases. *Powers v. Memorial Hospital,* 242 N.C. 290, 87 S.E. 2d 510; *Tscheiller v. Weaving Co.,* 214 N.C. 449, 199 S.E. 623. Moreover, the Superior

MAY *v.* R.R.

Court can acquire jurisdiction in such cases only when a party to such proceeding duly appeals from the Commission to said court on matters of law involved therein. *Butts v. Montague Bros.*, 208 N.C. 186, 179 S.E. 799. To like effect are *Moore v. Louisville Hydro-Electric Co.*, 226 Ky. 20, 10 S.W. 2d 466 and *American Casualty Co. of Reading v. Kligerman*, 365 Pa. 168, 74 A 2d 169.

As hereinbefore pointed out, it is mandatory under the provisions of the Workmen's Compensation Act that any recovery against a third party by reason of an injury to or death of an employee subject to the Act, the proceeds received from such settlement with or judgment against the third party, shall be disbursed according to the provisions of the Workmen's Compensation Act.

Therefore, the judgment of the court below is

Affirmed.