MARY W. NEAL v. LAWRENCE ROCHELLE CLARY, SR.

(Filed 27 March 1963.)

**1. Master and Servant § 84—**

    Where the findings show that the employer-employee relationship existed with respect to plaintiff's injury and the evidence discloses that both

plaintiff and defendant were co-employees and the injury arose out of and in the course of plaintiff's employment, action at common law instituted by plaintiff is properly dismissed for want of jurisdiction.

**2. Same;   Master and Servant § 67—**

An agreement for the payment of compensation is binding on the parties when approved by the Industrial Commission, G.S. 97-84, and therefore where such agreement has been signed and approved by the Commission and an award entered thereon, and the Commission has entered an order setting aside the award alone without disturbing the Commission's approval or the agreement of the parties, such agreement precludes action at common law.

APPEAL by plaintiff from *Riddle, Special Judge,* August Civil Term 1962 of-GASTON.

This is a civil action in which the plaintiff seeks to recover damages for personal injuries sustained by her while riding in an automobile which was involved in a collision at the intersection of Highway 150 and Salem Church Road in Gaston County on Saturday, 4 February 1961, at approximately 6:30 a.m. The defendant was driving the car in which plaintiff was riding and is alleged to have driven the same negligently. No controversy arises with respect to negligence on this appeal.

In the answer to the complaint, the defendant alleged and the plaintiff admitted in her reply that at the time of the collision referred to in the complaint, the plaintiff and defendant were employees of Harden Manufacturing Company of Gaston County, North Carolina, and that at such time the Harden Manufacturing Company had more than five employees regularly employed by it. The defendant further alleged that at the time of the collision both the plaintiff and defendant were in the course of their employment with the Harden Manufacturing Company; that the plaintiff was riding in defendant's vehicle by reason of their relationship with their employer; that the injuries sustained by plaintiff arose out of her employment; and that the plaintiff and the defendant and their employer at the time of the collision were subject to and bound by the provisions of the North Carolina Workmen's Compensation Act.

Upon the foregoing, the defendant specifically pleaded the Workmen's Compensation Act in bar of this action, and further pleaded that plaintiff had filed a claim for benefits under the Act with the North Carolina Industrial Commission and had entered into an agreement for compensation and medical expenses and that these items had been paid.

In the course of the trial the plaintiff admitted signing an "Agreement for Compensation for Disability," being North Carolina In-

dustrial Commission Form No. 21, which form was also signed by her employer, its workmen's compensation carrier, and which agreement was approved on 7 March 1961 by the North Carolina Industrial Commission.

Plaintiff's remaining evidence adduced in the trial below is omitted since we do not deem it essential to a proper disposition of the appeal.

At the close of plaintiff's evidence the defendant moved for judgment as of nonsuit and also moved the court to dismiss the action for lack of jurisdiction in the Superior Court. The court allowed the motion to dismiss for lack of jurisdiction.

The plaintiff appeals, assigning error.

*Henry M. Whitesides for plaintiff appellant.*
*Carpenter, Webb & Golding, John A. Mraz for defendant appellee..*

DENNY, C.J.　The only assignment of error is to the ruling of the court below in dismissing the action for want of jurisdiction.

Ordinarily, when the pleadings in a common law tort action disclose that the parties are subject to and bound by the provisions of the North Carolina Workmen's Compensation Act with respect to the injury involved, dismissal is proper for the Industrial Commission has exclusive jurisdiction in such cases.

In the instant case, at the time of the hearing below, not only the pleadings tended to show that the employer-employee relationship existed with respect to plaintiff's injury, but the evidence tended to show that all parties, including the defendant, were subject to and bound by the North Carolina Workmen's Compensation Act and that plaintiff employee's injury arose out of and in the course of her employment with the Harden Manufacturing Company.

In light of the pleadings and the evidence adduced in the trial below, we think his Honor properly dismissed this action for want of jurisdiction. *Cox v. Transportation Co.*, 259 N.C. 38, 129 S.E. 2d 589; *Powers v. Memorial Hospital*, 242 N.C. 290, 87 S.E. 2d 510; *Tscheiller v. Weaving Co.*, 214 N.C. 449, 199 S.E. 623.

When this appeal was argued in this Court, the plaintiff, through her counsel, moved to amend her pleadings to allege "That it is admitted that a form signed by the plaintiff was filed with the North Carolina Industrial Commission, said form purporting to be for benefits under the Workmen's Compensation Act; however, plaintiff expressly denies that the paper writing was signed for such purpose and further alleges that her signature on said paper writing was obtained by mutual mistake, misrepresentation, and fraudulent statements on

the part of the person obtaining said signature; further that a contested hearing was held before Gene C. Smith Deputy Commissioner of the North Carolina Industrial Commission, on October 31, 1962, in Gastonia, North Carolina, wherein both plaintiff and employer were represented by attorneys and presented evidence, that by the opinion and award of Gene C. Smith, Deputy Commissioner of the North Carolina Industrial Commission, filed November 27, 1962, in said matter, from which no appeal has been taken, the Commission's approval of Industrial Commission Form No. 21 Agreement dated February 13, 1961, between the plaintiff, the defendant employer (Harden Manufacturing Company) and Lumbermens Mutual Casualty Company, approved by the Commission on March 7, 1961, was set aside; said opinion reciting in the conclusion of law of the Commissioner, that the accident did not arise out of and in the course of the plaintiff's employment, nor did the employer-employee relationship exist at the time of the accident, and therefore, the Industrial Commission has no jurisdiction over the claim."

A certified copy of the opinion and award of the Deputy Commissioner, filed 27 November 1962, was attached to plaintiff's motion to amend her pleadings, and the award reads as follows: "The motion of the plaintiff that the award of the North Carolina Industrial Commission, evidenced by the Commission's approval of Industrial Commission Form 21 agreement, dated February 13, 1961, between the plaintiff, the defendant employer and Lumbermens Mutual Casualty Company, approved by the Commission on March 7, 1961, is hereby granted, and said award is hereby set aside."

We do not construe the award filed by the Deputy Commissioner on 27 November 1962, to set aside the agreement of the parties contained in Form No. 21, filed with the Industrial Commission on 13 February 1961 and approved by the Commission on 7 March 1961, on the grounds of mutual mistake, fraud or otherwise, or to expressly withdraw the approval of the Commission thereto, but merely purports to set aside the award theretofore entered. "An agreement for the payment of compensation when approved by the Commission is as binding on the parties as an order, decision or award of the Commission unappealed from, or an award of the Commission affirmed on appeal. G.S. 97-84." *Tucker v. Lowdermilk*, 233 N.C. 185, 63 S.E. 2d 109; *Smith v. Red Cross*, 245 N.C. 116, 95 S.E. 2d 559.

The motion to amend filed in this Court is denied without prejudice to move before the Industrial Commission, after notice to all interested parties, to set aside the agreement contained in Form No. 21, dated 13 February 1961, as well as the award made pursuant there-

to, on the grounds of mutual mistake, misrepresentation and fraudulent statements. *Nance v. Winston-Salem*, 229 N.C. 732, 51 S.E. 2d 185. If such agreement is set aside by the Industrial Commission on the aforesaid grounds, the plaintiff may, if so advised, institute a new action and allege the facts with respect to jurisdiction as they may then exist.

It will be noted that no ruling adverse to the plaintiff was made in the court below on the merits of plaintiff's cause of action, but only as to jurisdiction.

Affirmed.