PEARSON, Judge.
The plaintiff-appellant appeals an order dismissing her action for personal injuries *628 on the ground that the court lacked jurisdiction of the subject matter. We affirm.
Appellant was a counselor at a girl’s summer camp in North Carolina. She was injured when a camp automobile left the road oh a curve. The automobile was driven by the appellee, Joerg Jaeger, who was an employee at the camp. Appellants sued appellees S & L Incorporated, Alvin Savage (the operator of the camp) and Jaeger (the driver). Appellants voluntarily dismissed defendant Savage. The record does not reveal the disposition of appellants’ claim against appellee S & L Incorporated. The cause proceeded to trial with appellee Jaeger as defendant.
Appellee Jaeger raised as an affirmative defense the North Carolina law which provides that a person injured in the course of his employment who has accepted workman’s compensation benefits may not sue a fellow employee for negligence arising out of the same accident. At the conclusion of all the testimony, the appellee moved for a directed verdict upon the ground that the court lacked jurisdiction of the subject matter because it affirmatively appeared that the plaintiff was injured in the course of her employment and had accepted workman’s compensation benefits so that under the law of North Carolina she had no cause of action against her fellow employee. The court asked for and received an agreement of counsel as follows :
“THE COURT: I understand your problem, and I am not trying to put either one of you on the limb.
“Could we have a stipulation that any factual disputes that could be involved would be submitted to me on a non-jury basis ?

“THE COURT: So we have the record clear, I am going to make a determination, and it could probably be a mixed question of law. It obviously is not a pure question of fact. It is a question of whether it could be a mixed question of law and fact.”
Thereupon, the court reserved ruling on the motion and the cause was submitted to the jury on the issue of negligence and damages. No instruction was requested or given as to the issues of (1) whether the appellant was injured in the course of her employment, or (2) whether the North Carolina statute was applicable. The jury returned a verdict for the plaintiffs.
Upon the argument of appellees’ post-trial motion for a directed verdict in accordance with motion made at the conclusion of the testimony, the court entered the order appealed from, which dismissed the cause for lack of jurisdiction.[1] The appellant raises a single point on appeal:
“Whether Florida or North Carolina law governs as to whether the plaintiff was a minor and therefore able to avoid the agreement for compensation signed in North Carolina.”
Appellant urges that the appellant, domiciled in Florida, was a minor under Florida law and as such had a right to, and did repudiate the “agreement for compensation” rendering it totally ineffective.
Approximately four weeks after the accident which is the subject of this litiga *629 tion, the minor, Robin Garrison, was presented with a document entitled Agreement for Compensation for Disability, which she signed. At this time, she was twenty years of age, and therefore a minor under Florida law. She understood that workmens’ compensation would pay hospital 'bills and medical bills when someone is hurt and, if applicable, would also pay for lost time from work. After signing the document, she received some checks from INA but she never endorsed or cashed them. In explaining further the circumstances surrounding the signing of this document, the appellant stated that at the time she was told to sign the Agreement for Compensation, a representative of the camp who was holding the checks told her that, if she signed the Agreement, she would receive the checks. Appellant testified that at no time was she made aware of the fact that workmens’ compensation paid any of her bills. After signing it, the appellant rejected the Agreement by notifying the Industrial Commission of North Carolina.
The trial court’s decision upon the mixed question of law and. fact submitted to him by stipulation is supported by evidence that the appellant was an employee and was injured while in the course of her employment. In addition, there is evidence in the record that she received, and accepted, $1,384.00 in hospital and surgical care. She simply did not cash the checks representing benefits for her lost wages. The agreement referred to here is not determinative and simply sets the amount of the compensation. The North Carolina courts have held that when the pleadings in a common law tort action disclose that the parties are subject to, and bound by, the provisions of the North Carolina Workmen’s Compensation Act with respect to the injury involved, dismissal is proper. Neal v. Clary, 259 N.C. 163, 130 S.E.2d 39 (1963) and Cox v. Pitt County Transportation Company, 259 N.C. 38, 129 S.E.2d 589 (1963).
We hold that the trial judge’s decision upon the question submitted to him is supported by competent evidence and the law applicable.
Affirmed.

. “THIS CAUSE came before the Court upon the Defendant, JOERG JAEGER’s Motion for Directed Verdict and the Court treating said motion as a Motion to Dismiss for lack of subject matter jurisdiction after having considered all the testimony and evidence presented at the trial of this cause, having considered the Memorandums of Law submitted by the parties, having heard the argument of counsel, and being otherwise fully advised in the premises, it is
“ORDERED AND ADJUDGED that the Defendant’s Motion to Dismiss be and the same is hereby granted and the Plaintiffs' cause of action is dismissed for lack of jurisdiction over the subject matter, such dismissal to be without prejudice in the event there are further proceedings before the Industrial Commission of North Carolina.”