MAY BELL MONTGOMERY, MOTHER AND NEXT OF KIN; BETTY JEAN S. MONT-GOMERY, GUARDIAN AD LITEM OF MELVIN MONTGOMERY, DEPENDENT NEPHEW; STEPHANIE HOLIDAY AND KATINA EDWARDS, ALLEGED ADULT CHILDREN AND NEXT OF KIN; AND TOMMY R. CRANK, ADMINISTRATOR OF THE ESTATE OF WILLIE MONTGOMERY, DECEASED EMPLOYEE, PLAINTIFFS v. BRYANT SUPPLY COMPANY, EMPLOYER, AND AMERICAN MANUFAC-TURERS MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8810IC142

(Filed 1 November 1988)

**Master and Servant § 79; Appeal and Error § 7— distribution of wrongful death recovery by Industrial Commission—no right of allegedly illegitimate children to appeal**

Where an employee died as a result of a work-related accident caused by the negligence of two third-party tort-feasors, and a wrongful death suit was settled for $160,000 by a consent judgment directing that the funds be turned over to and distributed by the North Carolina Industrial Commission in accord with the provisions of N.C.G.S. § 97-10.2(f)(1), the allegedly illegitimate adult

daughters of the employee were not entitled to appeal from the order of the Industrial Commission, since the administrator, rather than appellants, was entitled to receive the balance of funds remaining after the court costs, attorneys' fees, and employer's subrogation interest were paid, and the administrator would therefore be the party aggrieved and entitled to appeal.

APPEAL by plaintiffs Stephanie Holiday and Katina Edwards from the Opinion and Award of the North Carolina Industrial Commission filed 3 November 1987. Heard in the Court of Appeals 29 August 1988.

*Wm. Benjamin Smith for plaintiff appellants Stephanie Holiday and Katina Edwards.*

*Hedrick, Eatman, Gardner & Kincheloe, by John F. Morris and Brian D. Lake, for defendant appellees.*

PHILLIPS, Judge.

On 18 January 1985 Willie Montgomery, an employee of Bryant Supply Company under the Workers' Compensation Act, died as a result of a work-related accident caused by the negligence of two third-party tort-feasors. After the Industrial Commission awarded all the death benefits authorized by G.S. 97-38 to the decedent's nephew, Melvin Montgomery, born 7 February 1972, the funds recovered from the third-party tort-feasors in the wrongful death action brought by the administrator were turned over to it, and the appeal questions only the correctness of the order distributing those funds. The facts bearing thereon follow: The award of the death benefits was upon findings that the decedent was unmarried; neither of his surviving adult illegitimate daughters, Katina Edwards and Stephanie Holiday, nor his mother, May Bell Montgomery, was wholly dependent upon him; his nephew, Melvin Montgomery, was actually and wholly dependent upon him at his death. The award requires the defendants to pay to the guardian of Melvin Montgomery $142.23 a week for a minimum of 400 weeks or until the minor reaches the age of eighteen. The wrongful death suit was settled for $160,000 by a consent judgment directing that the funds be turned over to and distributed by the North Carolina Industrial Commission in accord with the provisions of G.S. 97-10.2(f)(1). That statute, in substance, provides that funds recovered from a third-party tort-feasor because of the injury or death of an employee covered by

workers' compensation be turned over to the Industrial Commission and applied in order as follows: First, to the court costs; second, to the fee of the attorney representing the worker or his personal representative; third, to reimbursing the employer for all benefits "paid or to be paid by the employer" under the award; and to pay the amount remaining, if any, "to the employee or his personal representative." The costs of the wrongful death action were paid by the tort-feasors and the order of distribution entered by Deputy Commissioner Becton, affirmed by the Full Commission, directed that $57,892, less attorneys' fees, be paid to the employer's workers' compensation carrier in full settlement of its subrogation interest and that the remaining $102,108, less counsel fees, "be paid the plaintiffs as provided in the consent judgment." Only plaintiffs Katina Edwards and Stephanie Holiday appealed.

The appellants contend, as they did before the Full Commission, that the employer's workers' compensation carrier has no subrogation interest in the third-party wrongful death recovery because the payments it has made, and will make, were and will be to Melvin Montgomery, who is not a beneficiary of the wrongful death action; and that if the subrogation interest is paid that it should be reduced to present value since the carrier is paying the death benefits over a period of years rather than in a lump sum. As far as the record shows the appellants have no right to appeal from the order, and the appeal is dismissed. Only a party aggrieved by a judgment or order may appeal from it, *Coburn v. Roanoke Land and Timber Corporation*, 260 N.C. 173, 132 S.E. 2d 340 (1963), and the record does not show that the appellants are aggrieved by the order appealed from. The party aggrieved is the one whose rights have been directly and adversely affected by the court's action, *Waldron Buick Co. v. General Motors Corp.*, 251 N.C. 201, 110 S.E. 2d 870 (1959), and under the facts recorded no right of the appellants has been directly and adversely affected by the Commission's order. Under G.S. 97-10.2(f)(1)d the administrator, rather than the appellants, is entitled to receive the balance remaining after the court costs, the attorneys' fees, and the employer's subrogation interest are paid; and the administrator did not appeal. Thus, whatever right the appellants may have to ultimately receive the balance of the wrongful death recovery from the decedent's personal representative, they have no right to receive anything from the' Industrial Commission,

Montgomery v. Bryant Supply Co.

either under the order appealed from or any order that may be entered by the Commission hereafter. For that matter the order recorded does not effectively distribute the balance of the funds to anyone. It directs only that the balance of the funds "be paid the plaintiffs as provided in the consent judgment"; but the consent judgment provides only for the distribution of the funds by "order of the North Carolina Industrial Commission."

In dismissing the appeal we note, however, that: The payment of the carrier's subrogation interest from the third-party recovery is mandated by G.S. 97-10.2, *Cox v. Pitt County Transportation Company, Inc.*, 259 N.C. 38, 129 S.E. 2d 589 (1963); the carrier's interest under G.S. 97-10.2 is the amount "paid or to be paid"; under G.S. 97-44 the carrier could be required at any time to pay the balance due Melvin Montgomery in a lump sum; even if the payments are not accelerated the amount distributed to the carrier, after counsel's fee is deducted, is obviously less than the amount it will eventually pay out.

Appeal dismissed.

Judges WELLS and EAGLES concur.