GRANT CONSTRUCTION COMPANY, Plaintiff v. W. PHILIP McRAE, LAWYERS MUTUAL LIABILITY INSURANCE COMPANY OF NORTH CAROLINA, and DENNIS M. WARD, Defendants

No. COA00-1183

(Filed 2 October 2001)

**1. Workers' Compensation— subrogation lien—failure to file action against third party**

The trial court properly granted a Rule 12(b)(6) dismissal of an action by an employer against a lawyer, his malpractice insurer, and a workers' compensation claimant where the workers' compensation claim was settled, the attorney allowed the statute of limitations to lapse without filing a personal injury claim against a third party, the malpractice suit was settled, and plaintiff brought this action seeking to extend its subrogation lien to the malpractice settlement. The third party, which negligently failed to maintain scaffolding, caused the injury to the employee (Ward); the attorney who failed to timely file a suit against Formco did not cause an injury to Ward as that term is defined in the Workers' Compensation Act.

2. **Workers' Compensation— benefits and legal malpractice settlement—no double recovery**

A workers' compensation claimant did not receive a double recovery where he settled his workers' compensation action, his attorney did not file an action against a third party within the statute of limitations, the employee settled a malpractice action against the attorney, and the court allowed the employee to keep the entire malpractice settlement rather than extending the employer's subrogation lien to the settlement. The malpractice insurer had reduced its award by the amount of malpractice benefits.

3. **Workers' Compensation— subrogation lien—additional legal malpratice proceeds**

The trial court did not have the authority under N.C.G.S. § 97-10.2(j) to determine the amount of a workers' compensation subrogation lien and then to distribute the recovery, and payment should not have gone to the Commission under that statute, where an employee settled his workers' compensation claim, his attorney allowed the statute of limitations to lapse without filing a claim against a third party, the employee settled a malpractice claim against the attorney, and the employer sought to assert a lien against the malpractice settlement. The lawyer and his malpractice insurer were not third parties within the meaning of the Workers' Compensation Act.

4. **Workers' Compensation— related legal malpractice claim—separate actions**

An employer who settled a workers' compensation claim did not have an attorney-client relationship with the employee's attorney, who failed to timely file a negligence action against a third party. There would have been a clear conflict had the attorney also been deemed the employer's attorney; moreover, the attorney was hired by the employee to represent him and his malpractice did not impede the employer's ability to sue the third party. The malpractice claim is separate from the workers' compensation claim.

Appeal by plaintiff from judgment entered 2 June 2000 by Judge B. Craig Ellis in Scotland County Superior Court. Heard in the Court of Appeals 23 August 2001.

GRANT CONSTR. CO. v. McRAE

[146 N.C. App. 370 (2001)]

*Morris York Williams Surles & Barringer, L.L.P., by John F. Morris and Christa C. Pratt, for plaintiff appellant.*

*Williamson, Dean, Williamson, Purcell & Sojka, L.L.P., by Nickolas J. Sojka, Jr., and Andrew G. Williamson, Jr., for Dennis M. Ward defendant appellee.*

*Dean & Gibson, L.L.P., by Rodney Dean and Susan L. Hofer for W. Philip McRae and Lawyers Mutual Insurance Company of North Carolina defendant appellees.*

McCULLOUGH, Judge.

Defendant Dennis Ward was employed as a construction worker at Grant Construction Company (Grant) in Scotland County, North Carolina. Grant hired subcontractors to complete work on various parts of its construction jobs. One such subcontractor was Formco Concrete Forming (Formco), which was responsible for erecting, maintaining, and disassembling scaffolding it used at Grant's construction site. On 22 March 1993, Ward stepped onto Formco's scaffolding and was seriously injured when the plywood walkway he stood on collapsed. Prior to Ward's injury, Formco had removed the shoring from the scaffolding, but left the wooden walkway in place.

Ward suffered serious and permanent injuries from his fall, and brought a valid workers' compensation claim against Grant for medical expenses, permanent injuries, and lost wages, pursuant to the North Carolina Workers' Compensation Act, N.C. Gen. Stat. § 97-1, *et. seq.* Ward hired Attorney W. Philip McRae to represent him in the workers' compensation suit against Grant. Grant ultimately paid Ward over $10,000.00 in workers' compensation benefits. On 23 February 1994, Ward signed an Agreement of Final Settlement and Release, which ended his relationship with Grant and gave Grant a lien on any settlement or recovery Ward could win in a civil lawsuit against Formco. The Agreement was approved by the North Carolina Industrial Commission on 4 March 1994.

McRae continued to represent Ward during Ward's personal injury claim against Formco. However, McRae failed to file a civil action against Formco within the three-year statute of limitations prescribed by N.C. Gen. Stat. § 1-52 (1999). After Ward learned that McRae negligently failed to file suit, he sued McRae for legal malpractice. The malpractice lawsuit was settled on behalf of McRae by

Lawyer's Mutual Insurance Company (Lawyer's Mutual) for the sum of $26,000.00.

On 8 March 1999, Grant filed suit against McRae, Lawyer's Mutual, and Ward for negligence and breach of contract, arguing that Grant's subrogation lien on any proceeds from a lawsuit between Ward and Formco should extend to the proceeds that arose from the legal malpractice settlement between Ward and Lawyer's Mutual. On 2 June 2000, the trial court found that Grant's complaint failed to state a claim upon which relief could be granted, and therefore allowed defendants' motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1999). Grant appealed.

[1] On appeal, Grant brings forth six assignments of error, all of which revolve around Grant's contention that the trial court erred in finding that its complaint failed to state a claim upon which relief could be granted. For the reasons set forth, we disagree with Grant's arguments and affirm the trial court's dismissal of Grant's complaint.

When a party files a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6),

> [t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not. *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979). In general, "a complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" *Id.* at 185, 254 S.E.2d at 615, *quoting* 2A Moore's Federal Practice, § 12.08, pp. 2271-74 (2d ed. 1975) (emphasis original).

*Harris v. NCNB*, 85 N.C. App. 669, 670-71, 355 S.E.2d 838, 840 (1987). *See also* N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). The sole purpose of a motion to dismiss is to test the legal sufficiency of the complaint, and the trial court should not allow a motion to dismiss unless it is clear that a plaintiff cannot present any set of facts which would entitle him to relief. *Sinning v. Clark*, 119 N.C. App. 515, 517, 459 S.E.2d 71, 73, *disc. review denied*, 342 N.C. 194, 463 S.E.2d 242 (1995). With this standard of review firmly in mind, we turn to Grant's complaint.

Grant maintains that it possessed a subrogation lien which extended to any proceeds Ward recovered from his attorney mal-

practice lawsuit against McRae. Grant's right to assert a subrogation lien originates in N.C. Gen. Stat. § 97-10.2 (1999), part of the North Carolina Workers' Compensation Act. Our determination of whether Grant may pursue recovery on a subrogation lien theory turns on the language of the statute itself; we will therefore examine several of its key provisions in turn.

Generally speaking, an employer must pay workers' compensation benefits to an employee if that employee suffers a compensable work injury and notifies the employer of his workers' compensation claim. *See* N.C. Gen. Stat. § 97-22 (1999). If the employee is injured by a third party, the non-negligent employer must still pay workers' compensation benefits, but can claim a subrogation lien on any proceeds the employee wins in a subsequent lawsuit against the third party. *See* N.C. Gen. Stat. § 97-10.2(f)(1). The employer's right to a lien on a recovery from the third-party tortfeasor is "mandatory in nature." *Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997).

To understand workers' compensation law, one must be familiar with the relevant parties and their interactions. Beyond the basic employer-employee relationship, there are other parties who may share liability or owe money to each other. Though an employer is initially responsible for paying workers' compensation benefits to an injured employee, it may recover some or all of the money it pays from a third party who was at fault for the employee's accident. N.C. Gen. Stat. § 97-10.2(a) explains the relationships of the parties, and defines a "third party" as follows:

> The right to compensation and other benefits under this Article for disability, disfigurement, or death shall not be affected by the fact that the injury or death was caused *under circumstances creating a liability in some person other than the employer* to pay damages therefor, such person hereinafter being referred to as the *"third party."* The respective rights and interests of the employee-beneficiary under this Article, the employer, and the employer's insurance carrier, if any, in respect of the common-law cause of action against such third party and the damages recovered shall be as set forth in this section.

*Id.* (emphasis added).

N.C. Gen. Stat. § 97-10.2(h) describes the nature of a party's lien in the context of a workers' compensation case. The statute states, in pertinent part:

In any proceeding against or settlement with the third party, every party to the claim for compensation *shall have a lien to the extent of his interest* under (f) hereof upon any payment made by the third party by reason of such injury or death, whether paid in settlement, in satisfaction of judgment, as consideration for covenant not to sue, or otherwise and *such lien may be enforced against any person receiving such funds.* Neither the employee or his personal representative nor the employer shall make any settlement with or accept any payment from the third party *without the written consent of the other and no release to or agreement with the third party shall be valid or enforceable for any purpose unless both employer and employee or his personal representative join therein;* provided, that this sentence shall not apply:

    (1) If the employer is made whole for all benefits paid or to be paid by him under this Chapter less attorney's fees as provided by (f)(1) and (2) hereof and the release to or agreement with the third party is executed by the employee; or

    (2) If either party follows the provisions of subsection (j) of this section.

*Id.* (emphasis added).

Once a party shows that it is entitled to a lien, that amount must still be calculated. N.C. Gen. Stat. § 97-10.2(j) explains that

[n]otwithstanding any other subsection in this section, in the event that a judgment is obtained by the employee in an action against a third party, or in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the resident superior court judge of the county in which the cause of action arose, where the injured employee resides or the presiding judge before whom the cause of action is pending, to determine the subrogation amount. After notice to the employer and the insurance carrier, after an opportunity to be heard by all interested parties, and with or without the consent of the employer, the judge shall determine, in his discretion, the amount, if any, of the employer's lien, whether based on accrued or prospective workers' compensation benefits, and the amount of cost of the third-party litigation to be shared between the employee and employer. The judge shall consider the anticipated

amount of prospective compensation the employer or workers' compensation carrier is likely to pay to the employee in the future, the net recovery to plaintiff, the likelihood of the plaintiff prevailing at trial or on appeal, the need for finality in the litigation, and any other factors the court deems just and reasonable, in determining the appropriate amount of the employer's lien.

Though Grant recognizes these statutory provisions do not expressly extend its lien to encompass Ward's recovery for attorney malpractice related to the third-party claim against Formco, it maintains that N.C. Gen. Stat. § 97-10.2 should be liberally construed to best serve the legislative intent of the statute. We disagree.

Our Supreme Court has noted that

[t]he purpose of the North Carolina Workers' Compensation Act is not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers. Section 97-10.2 and its statutory predecessors were designed to secure prompt, reasonable compensation for an employee and simultaneously to permit an employer who has settled with the employee to recover such amount from a third-party tort-feasor.

*Radzisz*, 346 N.C. at 89, 484 S.E.2d at 569 (citations omitted). The *Radzisz* Court also stated that "statutory interpretation properly commences with an examination of the plain words of a statute." *Id.* "An analysis utilizing the plain language of the statute and the canons of construction must be done in a manner which harmonizes with the underlying reason and purpose of the statute." *Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). Thus,

"[w]hen language used in [a] statute is clear and unambiguous, [the Court] must refrain from judicial construction and accord words undefined in the statute their plain and definite meaning."

*Hieb v. Lowery*, 344 N.C. 403, 409, 474 S.E.2d 323, 327 (1996), (quoting *Poole v. Miller*, 342 N.C. 349, 351, 464 S.E.2d 409, 410 (1995)).

We have found no North Carolina cases which address the question of whether an employer's subrogation lien under N.C. Gen. Stat. § 97-10.2 extends to proceeds from an attorney malpractice lawsuit.

After careful examination of the statute and our prior case law, we agree with defendants that the language of N.C. Gen. Stat. § 97-10.2 is clear and unambiguous, and does not contemplate recovery in a situation such as this. We therefore hold that Grant cannot assert a subrogation lien upon the proceeds Ward received from his malpractice lawsuit against Attorney McRae.

Our decision is based in large part on the definition of a "third party" in N.C. Gen. Stat. § 97-10.2(a). According to subsection (a), Grant, as the employer, may assert a subrogation lien if it pays workers' compensation benefits when the employee's injury "was caused under circumstances creating a liability *in some person other than the employer* to pay damages therefor, such person hereinafter being referred to as the 'third party.' " *Id*. Plainly read, the third party must be one who caused an injury to the employee. Prior case law has defined a third party as "any other person or party who is a stranger to the employment but whose negligence contributed to the injury." *Warner v. Leder*, 234 N.C. 727, 732, 69 S.E.2d 6, 9 (1952), *overruled on other grounds by Pleasant v. Johnson*, 312 N.C. 710, 325 S.E.2d 244 (1985) and *Woodson v. Rowland*, 329 N.C. 330, 407 S.E.2d 222 (1991). The term "injury" is defined by N.C. Gen. Stat. § 97-2(6) (1999) as follows: "Injury.—'Injury and personal injury' shall mean only injury by accident arising out of and in the course of the employment, and shall not include a disease in any form, except where it results naturally and unavoidably from the accident."

After considering the facts of this case, we conclude that the only injury Ward suffered by accident during the course of his employment was his fall from Formco's scaffolding at the job site. Since Formco was in charge of maintaining its scaffolding and failed to do so, it is the only third party in this lawsuit which caused an injury to Ward. While Attorney McRae failed to file Ward's lawsuit against Formco and caused Ward to suffer pecuniary losses, McRae himself did not cause an injury to Ward as that term is defined under the Workers' Compensation Act.

We agree with Grant that the Legislature intended non-negligent employers to be reimbursed for monies they pay to employees who are injured by a negligent third party. *Johnson v. Southern Industrial Constructors*, 347 N.C. 530, 538, 495 S.E.2d 356, 360-61 (1998). However, we disagree with Grant's argument that the proceeds of the attorney malpractice lawsuit were meant to be included as part of these recoverable amounts. Despite Grant's efforts to characterize its case as being predicated on a third-party action, we do not find its

arguments persuasive. The Workers' Compensation Act speaks in terms of injury to the employee, then to recovery. Here, the attorney malpractice lawsuit was an entirely separate action from the underlying tortious conduct of Formco. We do not interpret N.C. Gen. Stat. § 97-10.2 to extend to entirely separate actions which did not injure the employee as herein discussed. Thus, Grant cannot claim a right of subrogation to the proceeds of Ward's lawsuit against McRae.

[2] Grant also argues that allowing Ward to keep the entire proceeds from his legal malpractice lawsuit against Attorney McRae, without giving Grant its subrogation lien, would effect a double recovery for Ward, in direct contravention of N.C. Gen. Stat. § 97-10.2. To remedy this problem, Grant maintains that it should receive a subrogation lien upon the proceeds of Ward's lawsuit against McRae, such that Ward is made whole from his workers' compensation benefits and *part* of his award from his legal malpractice lawsuit. We disagree. Pursuant to subsection (j), a superior court judge has discretion to award a plaintiff a double recovery at the expense of the employer. Since the language of N.C. Gen. Stat. § 97-10.2(j) is clear and unambiguous, the Legislature intended this possible result. *Allen v. Rupard*, 100 N.C. App. 490, 397 S.E.2d 330 (1990), *disc. review denied*, 328 N.C. 270, 400 S.E.2d 449 (1991).

In any event, Ward did not receive a double recovery. Lawyer's Mutual paid $26,000.00 to settle Ward's claim, but first reduced their award by the amount of money Ward received from Grant in workers' compensation benefits. Lawyer's Mutual's money paid Ward for McRae's legal malpractice, and Grant's payment constituted Ward's rightful workers' compensation benefits. Ward was simply compensated pursuant to two different causes of action which arose from one precipitating event.

[3] With regard to Ward's recovery, Grant also argues that the trial court had the authority to determine the amount of the subrogation lien and then distribute any third-party recovery. Again, we disagree. Under N.C. Gen. Stat. § 97-10.2(j), the trial court's authority vests only after one of two triggering events occurs:

> [I]n the event that a judgment is obtained by the employee [1] in an action against a third party, or [2] in the event that a settlement has been agreed upon by the employee and the third party, either party may apply to the . . . superior court judge . . . to determine the subrogation amount.

We again note that McRae and Lawyer's Mutual are not third parties within the meaning of the Workers' Compensation Act. Ward's settlement of the legal malpractice claim with Lawyer's Mutual was therefore neither a judgment against the third party nor a settlement with the third party. Thus, neither of the statutorily prescribed events could ever occur, and Grant cannot recover. We also do not agree with Grant that the settlement proceeds should have gone to the Industrial Commission under N.C. Gen. Stat. § 97-10.2(j). For money to properly be placed with the Industrial Commission, the money must come from a third-party tortfeasor, who is paying because of the injury. *See Montgomery v. Bryant Supply*, 91 N.C. App. 734, 735, 373 S.E.2d 299, 300 (1988), *disc. review denied*, 324 N.C. 248, 377 S.E.2d 755 (1989).

**[4]** Grant next argues that Attorney McRae's failure to file suit against Formco directly harmed its ability to recover from Formco as well. Grant bases part of its argument on the contention that McRae had an attorney-client relationship with both Grant and Ward at the same time. However, we find that this is impossible as a matter of law. Rule 1.7 of the Revised Rules of Professional Conduct states that

    (a) A lawyer shall not represent a client if the representation of that client will be or is likely to be directly adverse to another client, unless:

    (1) the lawyer reasonably believes the representation will not adversely affect the interest of the other client; and

    (2) each client consents after consultation which shall include explanation of the implications of the common representation and the advantages and risks involved.

In this case, Attorney McRae was hired by Ward to represent him in both his workers' compensation proceeding and against Formco. There would have been a clear conflict had McRae also been deemed Grant's attorney, because it would have been impossible for McRae to represent Grant against Formco and also against itself on the issue of workers' compensation. McRae's representation of Ward during the workers' compensation proceeding was directly adverse to Grant's position in that matter as the employer. As for the third-party action and the subrogation lien, McRae could not have argued both that Ward was entitled to the full amount and that Grant was entitled to a portion of Ward's recovery. Clearly, then, McRae was not an attorney for both Ward and Grant simultaneously.

It was also erroneous for Grant to have relied upon McRae to protect its interest against Formco. Grant could have initiated its own lawsuit against Formco under N.C. Gen. Stat. § 97-10.2(c), which states that

> [i]f settlement is not made and summons is not issued within said 12-month period, and if employer shall have filed with the Industrial Commission a written admission of liability for the benefits provided by this Chapter, then *either the employee or the employer shall have the right to proceed to enforce the liability of the third party by appropriate proceedings* . . . .

*Id.* (emphasis added). In short, McRae's legal malpractice directly interfered with Ward's right to pursue a civil action against Formco, but did not similarly impede Grant's ability to sue Formco. We decline to assist Grant on appeal when its own inaction caused its right to sue to lapse.

We further note that under N.C. Gen. Stat. § 97-10.2(b), Ward had three years from the date of his injury to file suit against Formco; the last day he could file suit was 22 March 1996. Under N.C. Gen. Stat. § 97-10.2(c), Grant's statute of limitations during which it could file suit against Formco expired sixty days before Ward's statute of limitations; the last day Grant could file suit was 22 January 1996.

Grant brings forth other arguments for relief, stating that its right to recover on a subrogation lien theory is valid because this case is predicated on the third-party action and the damages recovered from the malpractice lawsuit are the same damages that Ward would have recovered in the third-party action. Because we determine that the malpractice lawsuit is separate from the workers' compensation claim, we deem Grant's arguments to be meritless. We therefore reject Grant's assertion that it was a third-party beneficiary to the attorney-client contract between Ward and his attorney, McRae.

Grant has also assigned error to the sufficiency of notice it received for Ward's motion to dismiss. However, Grant did not raise this issue in the court below, and also failed to advance any argument or cite any authority to support this argument, and has thus waived this assignment of error. *See State v. Nobles*, 350 N.C. 483, 503, 515 S.E.2d 885, 898 (1999); and N.C.R. App. P. 28(b)(5) (1999). Because we conclude that all of Grant's arguments are without merit, we hereby affirm the trial court's dismissal of Grant's complaint.

Affirmed.

Judges MARTIN and BIGGS concur.