H. O. CHARNOCK v. REUSING LIGHT AND REFRIGERATING COM-
PANY AND W. J. REUSING.

(Filed 8 January, 1932.)

1. **Master and Servant F a—Superior Court may determine whether**
   **plaintiff was employee when employment is set up as defense to**
   **action.**

   Where, in an action instituted in the Superior Court to recover dam-
   ages for a negligent injury, the defendant sets up the defense that the
   plaintiff was an employee and that his exclusive remedy was under the
   Workmen's Compensation Act, *Held:* the issue may be determined in the
   Superior Court, its jurisdiction not being ousted by the Compensation
   Act, and upon conflicting evidence it is properly submitted to the jury.

2. **Highways B k—In order for negligence of driver to be imputed to**
   **guest the guest must have such control as to be in joint possession.**

   Where the doctrine of being engaged in a joint enterprise is relied on
   by the defendant sued for negligently inflicting a personal injury in
   the driving of an automobile wherein the plaintiff was an invitee, it
   must be shown by the defendant ·that he and the plaintiff had such
   control over the car as to be substantially in joint possession of it.

APPEAL by defendants from *McElroy, J.,* at May Term, 1931, of
BUNCOMBE. No error. .

*Joseph W. Little for plaintiff.*
*Heazel, Shuford & Hartshorn for defendants.*

PER CURIAM. This is a civil action which was tried in the Superior
Court for the recovery of damages for personal injury alleged to have
been caused by the negligence of the defendants. The corporate de-
fendant owned an automobile which W. J. Reusing was driving as its
president and agent in the prosecution of its business. The plaintiff
alleged that he was riding as a guest at the invitation of Reusing on
the highway between Asheville and Spartanburg; that others were in
the car; that the brakes and tires were defective; that Reusing, though
repeatedly warned to desist, operated the car in a heedless and reckless
manner and at an excessive rate of speed, 50 or 60 miles an hour, until
it left the highway, "jumped" a ditch, turned over, and injured the
plaintiff. The defendants denied negligence, set up the usual defenses,
and alleged that the plaintiff at the time of the injury was an employee
of the defendant and that any compensation to which he might be
entitled should be awarded by the Industrial Commission. Issues in-
volving all these questions were submitted to the jury and answered
in favor of the plaintiff and his damages were assessed.

Under the Workmen's Compensation Act every employer and employee, except as therein stated, shall be presumed to have accepted the provisions of the act; but there is no presumption that every person who is injured by a corporation or an individual is an employee of either. That is a matter of proof, which in this case the jury resolved against the defendants. To hold, as the appellants intimate, that the Industrial Commission has "exclusive jurisdiction" to determine the relationship of the parties and that the Superior Court is ousted of its jurisdiction would be at least an anomaly in judicial procedure.

We have examined the several exceptions and find that an elaborate review of them would result only in a repetition of familiar principles. There is no error in the instruction relating to the burden of proof on the first issue. Nor is there sufficient evidence that the plaintiff and the defendants were engaged in a joint enterprise. A common enterprise in riding is not enough; the circumstances must be such as to show that the plaintiff and the driver had such control over the car as to be substantially in the joint possession of it. *Albritton v. Hill,* 190 N. C., 429. There is no evidence of the technical assumption of risk, and the ordinary risks of travel by automobile, which are pleaded by the defendants, were presented by the court in the instructions given the jury on the issues submitted.

Testimony as to the speed of the car, similar to that under the circumstance referred to, was considered and approved in *Hicks v. Love,* 201 N. C., 773. The remaining exceptions are formal.

The charge to the jury very clearly set out the several contentions of the parties so far as they were reasonably justified by the evidence and applied the law as contemplated by C. S., 564.

It is unnecessary to consider the formal exceptions. We find

No error.