J. KAMAU CHRISTOPHER A/K/A JOSEPH KAMAU CHRISTOPHER BEY, PLAINTIFF v. NORTH CAROLINA STATE UNIVERSITY, DEFENDANT

No. COA07-1516

(Filed 20 May 2008)

**Workers' Compensation— exclusive remedy—employment conceded**

The Workers' Compensation Act is the exclusive remedy for a resident advisor in a university residence hall who allegedly developed asthma from mold and mildew in the building. The determinative factor is whether an employee-employer relationship exists and plaintiff conceded numerous times that he was an employee of defendant university.

Appeal by plaintiff from decision and order entered 10 August 2007 by Commissioner Christopher Scott for the North Carolina Industrial Commission. Heard in the Court of Appeals 1 May 2008.

*Joseph Kamau Christopher Bey, pro se, for plaintiff-appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General Dahr Joseph Tanoury, for the defendant-appellee.*

TYSON, Judge.

J. Kamau Christopher ("plaintiff") appeals from the Full Commission of the North Carolina Industrial Commission's ("the Commission") order dismissing his tort claim action against North Carolina State University ("defendant"). We affirm.

## I. Background

Plaintiff was enrolled as a student at North Carolina State University from August 1999 to May 2004. In July 2002, plaintiff enlisted in the U.S. Naval Reserve and attained the status of serving as an Active Duty member in the Nuclear Propulsion Officer Candidate Program. Plaintiff's initial enlistment physical revealed he was "fit for full service." In August 2002, plaintiff was hired as a Resident Advisor for Wood Residence Hall ("Wood Hall") for the 2002-2003 term. Plaintiff was subsequently rehired as Resident Advisor for the following 2003-2004 term.

On 18 September 2003, plaintiff resigned from his position due to "mold and mildew growing in visible areas in the living space of resi-

dents [sic] and a lack of responsiveness from the University Administration[.]" In November 2003, plaintiff was diagnosed with a permanent asthmatic and respiratory condition. Despite these medical conditions, plaintiff was granted a waiver by the Navy Recruiting Command. After graduation, plaintiff was transferred to the Naval Air Station in Pensacola, Florida. Upon plaintiff's arrival, a commissioning physical was conducted, plaintiff's medical waiver was revoked, and further analysis of plaintiff's medical condition and fitness to serve was ordered.

Such analysis revealed plaintiff's respiratory condition had further progressed. On 5 May 2005, the Navy Medical Command Physical Evaluation Board issued an order finding plaintiff had acquired a medical condition, asthma, which was a physically disqualifying factor. Plaintiff was released from his military obligation with an honorable discharge, which terminated his commitment five years early.

On 30 December 2005, plaintiff filed an affidavit under the Tort Claims Act alleging he was damaged in the amount of $150,000.00 from "exposure to substandard and unhealthy indoor environment" while he was employed as a Resident Advisor in Wood Hall. On 9 March 2006, defendant filed a motion to dismiss and answer. Defendant asserted plaintiff alleged he was injured while employed with defendant and therefore his exclusive remedy was to assert a claim under the North Carolina Workers' Compensation Act. On 20 July 2006, defendant filed a motion for summary judgment.

Plaintiff filed a response to defendant's motion for summary judgment and asserted plaintiff's injury "did not arise out of and in the course of employment, nor is the injury compensable under the North Carolina Workers' Compensation Act, and thus the Plaintiff . . . can only seek compensation for damages under the Tort Claims Act as filed." On 9 February 2007, Deputy Commissioner Wanda Taylor filed an order dismissing plaintiff's tort claim with prejudice and entered the following conclusions:

7. Defendant has met its burden of proof by forecasting sufficient, competent evidence to show that Plaintiff was an employee of Defendant at the time he was allegedly exposed to a "harmful" indoor environment, which in turn allegedly caused him to sustain a respiratory illness.

8. Plaintiff has failed to forecast sufficient, competent evidence to rebut Defendant's evidence, and has failed to show that

Plaintiff was not an employee of Defendant at the time of the alleged exposure.

9. Plaintiff has failed to forecast sufficient, competent evidence to show that the Industrial Commission has subject-matter jurisdiction to hear Plaintiff's claim under the Tort Claims Act. Plaintiff has further failed to show there is a genuine issue as to a material fact.

On 10 August 2007, the Full Commission affirmed the Deputy Commissioner's order and dismissed plaintiff's tort claim with prejudice. Plaintiff appeals.

## II. Issues

Plaintiff argues the Industrial Commission erred by: (1) failing to make findings of fact concerning all crucial issues, including the alleged injury; (2) hearing defendant's motion for summary judgment and finding no genuine issues of material fact exist; and (3) dismissing plaintiff's tort claim based upon the assertion that a claim under the North Carolina Workers' Compensation Act was plaintiff's exclusive remedy.

## III. Standard of Review

[W]hen reviewing Industrial Commission decisions, appellate courts must examine whether any competent evidence supports the Commission's findings of fact and whether those findings . . . support the Commission's conclusions of law. The Commission's findings of fact are conclusive on appeal when supported by such competent evidence, even though there is evidence that would support findings to the contrary.

*McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 700 (2004) (internal quotations omitted). However, our Supreme Court has repeatedly held "that jurisdictional facts found by the Industrial Commission, even when supported by competent evidence, are not binding upon the courts on appeal, and that the reviewing court has the duty to make its own independent findings." *Lemmerman v. Williams Oil Co.*, 318 N.C. 577, 580, 350 S.E.2d 83, 86 (1986) (citations omitted).

## IV. Subject Matter Jurisdiction

The dispositive issue before us is whether the North Carolina Workers' Compensation Act provides plaintiff his exclusive remedy

for his alleged injury and divests the Industrial Commission of subject matter jurisdiction to adjudicate plaintiff's tort claim.

The determinative factor that subjects the parties to the provisions of the North Carolina Workers' Compensation Act is whether an employee-employer relationship exists. *Cox v. Transportation Co.*, 259 N.C. 38, 42, 129 S.E.2d 589, 592 (1963); *see also Askew v. Tire Co.*, 264 N.C. 168, 170, 141 S.E.2d 280, 282 (1965) ("The question whether the employer-employee relationship exists is clearly jurisdictional.").

Here, plaintiff conceded numerous times in his pleadings and before the Industrial Commission that he was an employee of defendant while he attended classes during the 2002-2003 school term and briefly for the 2003-2004 term. Plaintiff specifically states in his Response to Defendant's Motion for Summary Judgment, "Plaintiff admits and acknowledges that his relationship with the Defendant included a employer-employee arrangement, as defined by the Statutes, and thus he was employed with the Defendant during a period in which the alleged injury manifested itself[] . . . ."

It is well settled in this jurisdiction that the North Carolina Workers' Compensation Act is the exclusive remedy when an employee is injured by accident arising out of and in the course and scope of employment. *Wood v. Guilford Cty.*, 355 N.C. 161, 164, 558 S.E.2d 490, 493 (2002) (citing N.C. Gen. Stat. § 97-10.1). Because the North Carolina Workers' Compensation Act is plaintiff's exclusive remedy for the alleged injury that occurred during his employment, the Industrial Commission properly dismissed plaintiff's tort claim with prejudice. This assignment of error is overruled. In light of our holding, it is unnecessary to address plaintiff's remaining assignments of error.

## V. Conclusion

The North Carolina Workers' Compensation Act provides plaintiff's exclusive remedy for his alleged injury that arose out of and in the course and scope of employment. The Industrial Commission's order dismissing plaintiff's tort claim with prejudice is affirmed.

Affirmed.

Judges McCULLOUGH and STROUD concur.