IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-738

Filed 6 May 2026

New Hanover County, No. 24CVS004256-640

JEFFREY SMITH, Plaintiff,

v.

THE BDK GROUP SHALLOTTE, LLC; THE BDK MANAGEMENT GROUP; THE BDK GROUP BAYSHORE COMMONS, LLC; THE BDK GROUP WATERFORD, LLC; THE BDK GROUP INDEPENDENCE, LLC; DEENA LYNN KORMAN; and BRAD KORMAN, Defendants.

Appeal by defendants from judgment entered 11 April 2025 by Judge Quintin McGee in New Hanover County Superior Court. Heard in the Court of Appeals 24 February 2026.

*Law Office of Thomas D. Bumgardner, PLLC, by Thomas D. Bumgardner, and Wilder Pantazis Law Group, by Annemarie Pantazis and Beau Wilder, for the plaintiff-appellee.*

*Hendrick Gardner Kincheloe & Garofalo LLP, by M. Duane Jones, Elizabeth H. Bennett, and Victoria Y. Brice, for the defendant-appellants.*

TYSON, Judge.

Appeal by The BDK Group Shallotte, LLC; The BDK Management Group; The BDK Group Bayshore Commons, LLC; The BDK Group Waterford, LLC; The BDK Group Independence, LLC; Deena Lynn Korman; and, Brad Korman (collectively "Defendants") from order entered 11 April 2025 denying their motions to dismiss pursuant to Rules of Civil Procedure 12(b)(1) and 12(b)(6). We reverse and remand

for dismissal.

## I.   Background

Defendants individually and/or jointly own, operate, manage, and control restaurants, including a Tropical Smoothie Cafe in Shallotte.   Jeffrey Smith ("Plaintiff") was employed by Defendants as a district manager.   Plaintiff was at the Shallotte location preparing for a future store opening.

Plaintiff was at work on 14 April 2023 at approximately 2:30 p.m. when he suffered a medical emergency.   Plaintiff failed to advise anyone of his condition and went into the men's restroom inside of the restaurant.   At the time of the incident, twenty other employees of Defendant were present at the restaurant.   Some employees had noticed Plaintiff's unusual behavior and difficulty speaking. Employees contacted the companies' owner, Deena Lynn Korman ("Korman"). Korman attempted to contact Plaintiff by repeated text messages beginning at 4:22 p.m.   Plaintiff did not respond and Korman continued to send messages inquiring about his well-being through 5:16 p.m.

Defendants' employee called emergency personnel approximately seven hours after Plaintiff had initially began experiencing symptoms.   Brunswick County Emergency Medical Services ("EMS") arrived at the Tropical Smoothie Cafe at 9:36 p.m.   EMS personnel found Plaintiff lying on the bathroom floor in his own urine. EMS personnel conducted a neurological examination on Plaintiff, which revealed slurred speech, abnormal weakness, facial droop, and paralysis on his left side.

Plaintiff was unable to lift his left arm or left leg and had no physical sensation on the left side of his body.

EMS personnel transported Plaintiff to Grand Strand Regional Medical Center in Myrtle Beach, South Carolina, where he was diagnosed with a right middle cerebral artery stroke and internal carotid artery occlusion. Plaintiff underwent a craniectomy to reduce swelling on his brain. Plaintiff required inpatient rehabilitation until 26 May 2023. Plaintiff suffers from hemiplegia, cannot walk, independently perform living activities, or return to work.

Plaintiff filed a Form 33 against The BDK Group Shallotte, LLC with the North Carolina Industrial Commission ("Commission") on 3 August 2023. The BDK Group Shallotte, LLC filed a Form 33R denying Plaintiff's injuries and condition was subject to the Workers' Compensation Act and denied Plaintiff's injury arose out of and in the course and scope of his employment. The Commission entered an order dismissing Plaintiff's Form 33 *without prejudice* on 18 October 2024.

Plaintiff filed the instant action in New Hanover County Superior Court asserting claims for negligence, gross negligence, corporate negligence, and administrative negligence. Defendants filed motions to dismiss pursuant to the North Carolina Rules of Civil Procedure arguing the trial court lacked subject matter jurisdiction pursuant to Rule 12(b)(1) due to the exclusivity provision of the Workers' Compensation Act and for failure to state a claim pursuant to Rule 12(b)(6). *See* N.C. Gen. Stat. § 1A-1, Rules 12(b)(1) and 12(b)(6) (2025). Following a hearing, the trial

court entered an order on 11 April 2025 denying both of Defendants' motions. Defendants appeal the denial of their motion asserting the exclusivity provision of the Workers' Compensation Act under Rule 12(b)(1). *Id.*

## II. Jurisdiction

An "appeal lies of right directly to the Court of Appeals . . . from any final judgment of a superior court." N.C. Gen. Stat. § 7A-27(b)(1) (2025). "A final judgment is one which disposes of the cause[s of action] as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citation omitted).

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.* at 362, 57 S.E.2d at 381 (citation omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "This general prohibition against immediate appeal exists because there is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Harris v. Matthews,* 361 N.C. 265, 269, 643 S.E.2d 566, 568 (2007) (citation and internal quotation marks omitted).

Our Supreme Court has held two circumstances exist where a party is permitted to appeal an interlocutory order:

> First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.

*Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (internal citations and quotation marks omitted).

"This Court has appellate jurisdiction because the denial of a motion concerning the exclusivity provision of the Workers' Compensation Act affects a substantial right and thus is immediately appealable." *Fagundes v. Ammons Dev. Grp., Inc.*, 251 N.C. App. 735, 737, 797 S.E.2d 59, 532 (2017) (citing *Blue Mountaire Farms, Inc.*, 247 N.C. App. 489, 495, 786 S.E.2d 393, 398 (2016)). This appeal is properly before us. *Id*.

## III.    Issue

Defendants argue the trial court erred by denying their Rule 12(b)(1) motion to dismiss.

## IV.    Standard of Review

"Whether a trial court has subject matter jurisdiction is a question of law, reviewed de novo on appeal." *McKoy v. McKoy*, 202 N.C. App. 509, 511, 689 S.E.2d 590, 592 (2010) (citation omitted).

## V.    Analysis

## A. Exclusivity Provision

Defendants argue the trial court lacks subject matter jurisdiction and assert the Workers' Compensation Act vests exclusive jurisdiction over his claims asserted against them in the Industrial Commission. *See* N.C. Gen. Stat. § 97-1 (2025) (the "Act").

The Act provides:

> Every employer subject to the compensation provisions of this Article shall secure the payment of compensation to his employees in the manner hereinafter provided; and while such security remains in force, he or those conducting his business shall only be liable to any employee for personal injury or death by accident to the extent and in the manner herein specified.

N.C. Gen. Stat. § 97-9 (2025).

The Act further provides:

> If the employee and the employer are subject to and have complied with the provisions of this Article, then the rights and remedies herein granted to the employee, his dependents, next of kin, or personal representative *shall exclude all other rights and remedies of the employee*, his dependents, next of kin, or representatives *as against the employer* at common law or otherwise on account of such injury or death.

N.C. Gen. Stat. § 97-10.1 (2025) (emphasis supplied)

The Workers' Compensation Act represents a legislative policy and statutory compromise between employers and employees, as a "sure and certain recovery for their work-related injuries without having to prove negligence on the part of the

employer or defend against charges of contributory negligence." *Whitaker v. Town of Scotland Neck*, 357 N.C. 552, 556, 597 S.E.2d 665, 667 (2003).

"In return the Act limits the amount of recovery available for work-related injuries and removes the employee's right to pursue potentially larger damages awards in civil actions." *Woodson v. Rowland*, 329 N.C. 330, 338, 407 S.E.2d 222, 227 (1991) (citation omitted).

### B. *Jackson v. Timken Co.*

Plaintiff asserts a prior panel of this Court examined a similar issue in *Jackson v. Timken Co.*, 265 N.C. App. 470, 470-71, 828 S.E.2d 740, 741 (2019), in which this Court examined an injury, which had purportedly occurred in the course of employment, but was not caused by an accident and does not arise out the employment. The plaintiff suffered a stroke while at work and visited the company nurse. *Id.* The plaintiff alleged he was negligently diagnosed and ill treated by the company nurse. *Id.* at 471, 828 S.E.2d at 741. The plaintiff brought a claim for medical negligence in superior court after having his claim denied by the Commission.

This Court noted the Act has never been applied where a plaintiff "alleges a coworker was negligent under our medical malpractice statute." *Id.* at 472, 828 S.E.2d at 742. This Court further noted "The Act does not cover injuries that occur at one's place of work but that are not the result of an accident arising out of and in the course of that person's employment." *Id.* (citation omitted).

This Court defined "caused by accident" as:

> Injury and accident are separate concepts, and there must be an accident which produces the injury before an employee can be awarded compensation. An accident under [The Act] has been defined as . . . the interruption of the routine of work and the introduction thereby of unusual conditions likely to result in unexpected consequences. Similarly, our Supreme Court has defined an accident as an unlooked for and untoward event which is not expected or designed by the injured employee. A result produced by a fortuitous cause. An unexpected or unforeseen event. An unexpected, unusual or undesigned occurrence.

*Id.* at 472-73, 828 S.E.2d at 742-43 (citations and internal quotation marks omitted).

This Court held: "An employee seeking care from a medical professional at his place of work is not the type of occurrence that creates an injury by accident under The Act." *Id.* at 473, 828 S.E.2d at 743.

This Court then examined the "arising out of" employment holding: "Arising out of employment relates to the origin or cause of the accident. The controlling test of whether an injury arises out of the employment is whether the injury is a natural and probable consequence of the nature of the employment." *Id.* at 473-74, 828 S.E.2d at 743 (citation omitted). This element is satisfied "when it comes from the work the employee is to do, or out of the service he is to perform, or as a natural result of one of the risks of the employment; the injury must spring from the employment or have its origin therein." *Id.* (citation omitted).

The Court held the injury had occurred during the course of the plaintiff's employment, but was not caused by an accident and did not arise out of his

- 8 -

employment with the defendant and was not exclusively covered under the Act. This court concluded the trial court had jurisdiction. *Id.* Here, Plaintiff did not file a claim under our North Carolina medical malpractice statutes, it was not denied, and his initial claim was dismissed by the Commission *without prejudice.*

### C. *Marlow v. TCS Designs, Inc.*

Plaintiff further asserts a prior panel of this Court established a test for civil jurisdiction in the superior court over a worker's claims in *Marlow v. TCS Designs, Inc.*, 288 N.C. App. 567, 887 S.E.2d 448 (2023). Defendants respond and argue *Marlow* addresses the test for compensability and does not establish jurisdiction.

In *Marlow*, two women were employed in a commercial furniture factory. *Id.* at 569, 887 S.E.2d at 451. The two women had two prior verbal confrontations during work hours. *Id.* Both employees conduct was investigated by the employer, who gave one woman a warning after the first instance and then gave her a three-day suspension after the second incident. *Id.*

Less than ten days after the suspension lifted, the same woman went to her vehicle in the factory's parking lot, retrieved a handgun from her car, returned to the factory, and shot the other woman "twice in the head from point-blank range" killing her. *Id.*

The decedent's husband filed a complaint in superior court against the employer and four employees for wrongful death, "negligence, gross negligence and willful and wanton conduct." *Id.* at 570, 887 S.E.2d at 451. The defendants moved

to dismiss under North Carolian Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting the superior court lacked subject matter jurisdiction and the Commission possessed "exclusive jurisdiction" over the plaintiff's claims. *Id.* at 570, 887 S.E.2d at 451-52. The trial court denied the defendants' motions.

A prior panel of this Court held: "An action comes within the provisions of the Act if: (1) the injury was caused by an accident; (2) the injury was sustained in the course of the employment; and (3) the injury arose out of the employment." *Id.* at 572, 887 S.E.2d at 453 (citing *Holliday v. Tropical Nut & Fruit Co.,* 242 N.C. App. 562, 566, 775 S.E.2d 885, 889 (2015)).

That panel of this Court applied this test and held:

> [the decedent's] death did not arise out of her employment with [defendant company], the Industrial Commission does not have exclusive jurisdiction over the matter. Furthermore, because the Industrial Commission does not have exclusive jurisdiction over the matter, Plaintiff need not have alleged facts sufficient to establish an exception to the Industrial Commission's exclusive jurisdiction under *Pleasant v. Johnson*, 312 N.C. 710, 717, 325 S.E.2d 244, 250 (1985) (holding that an employee may pursue a civil action against a co-employee for willful, wanton, and reckless negligence). Accordingly, the trial court did not err by denying [the d]efendants' motions to dismiss[.]

*Id.* at 574, 887 S.E.2d at 454.

Plaintiff asserts this panel is bound by this decision, citing *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same

court is bound by that precedent, unless it has been overturned by a higher court.").

This Court has reasoned:

> *In re Civil Penalty*, stands for the proposition that, where a panel of this Court has decided a legal issue, future panels are bound to follow that precedent. This is so even if the previous panel's decision involved narrowing or distinguishing an earlier controlling precedent–as was the case in *In re Civil Penalty*. Importantly, *In re Civil Penalty* does not authorize panels to overrule existing precedent on the basis that it is inconsistent with earlier decisions of this Court.

*State v. Gonzalez*, 263 N.C. App. 527, 531, 823 S.E.2d 886, 888-89 (2019).

When faced with two purportedly conflicting lines of case law authority, our Supreme Court has directed this Court to apply "the older of the two cases" and reject the more recent precedent. In re *R.T.W.*, 359 N.C. 539, 542 n.3, 614 S.E.2d 489, 491 n.3 (2005). This Court explained the "certain rare situations" where *In re R.T.W.*'s guidance mandates the "older of the two cases" in *Gonzalez*, which:

> arise when two lines of irreconcilable precedent develop independently– meaning the cases never acknowledge each other or their conflict, as if ships passing in the night. This typically occurs because the panel that decided the second case was unaware of the holding in the first. Ideally, this would never happen, but, given the size and complexity of our case law, it does. In that circumstance, the Supreme Court has authorized us to "follow[] . . . the older of the two cases" and reject the more recent precedent."

*Gonzalez*, 263 N.C. App. at 531, 823 S.E.2d at 889 (citation omitted).

*Marlow* cites to *Holliday* to support the now-questioned analysis. *Holliday* concerns and addresses an appeal from the Commission where the central issue is

- 11 -

the compensability of the claim. *Holliday*, 242 N.C. App. at 566, 775 S.E.2d at 889. The full quote in *Holliday*, which *Marlow* references is: "Under the Workers' Compensation Act ("the Act"), an injury is compensable if the claimant proves three elements: '(1) that the injury was caused by an accident; (2) that the injury was sustained in the course of the employment; and (3) that the injury arose out of the employment.'" *Id.* (citing *Hedges v. Wake Cty. Pub. Sch. Sys.*, 206 N.C. App. 732, 734, 699 S.E.2d 124, 136 (2010) (citation omitted).

This compensability factor analysis has been applied by our Supreme Court and our Court for almost a century. *See Harden v. Thomasville Furniture Co.*, 199 N.C. 733, 155 S.E. 728 (1930); *Chambers v. Oil Company*, 199 N.C. 28, 153 S.E. 594 (1930). This Court has subsequently and recently cited *Marlow solely* for compensability. *See Muse v. Daimler Trucks N. Am.*, 298 N.C. App. 311, 912 S.E.2d 882 (2025) (unpublished).

Subject to the two exceptions recognized by our Supreme Court and discussed below, the exclusivity provision of the Act precludes common law negligence actions from being asserted against employers and co-employees, whose negligence purportedly caused the injury. *Pleasant v. Johnson*, 312 N.C. 710, 713, 325 S.E.2d 244, 247 (1985).

First, an employee may pursue a civil action against their employer when the employer "intentionally engages in misconduct knowing it is substantially certain to cause injury or death to employees and an employee is injured or killed by that

misconduct[.]" *Woodson*, 329 N.C. at 340, 407 S.E.2d at 228 (explaining an employee can bring a suit at common law for employer forcing employee to work in a trench not properly sloped nor reinforced with a trench box, which caved in and killed the employee).

Second, an employee may pursue a civil action against a *co-employee* for their willful, wanton, and reckless negligence. *Pleasant*, 312 N.C. at 717, 325 S.E.2d at 250 (allegations of "willful, wanton and reckless negligence" against a co-employee allows a suit at common law).

Plaintiff has not alleged a *Woodson* claim. Plaintiff argues the claim does not arise out of his employment with Defendants. There is an apparent direct conflict between the line of *Woodson c*ases and *Marlow's* application of the long-established compensability analysis to bypass the Commission and to allow jurisdiction in the superior court for employer-employee claims. There is also a direct conflict between *Marlow's* application of the analysis to determine compensability of a claim to purportedly allow jurisdiction against the employer and co-employees in the superior court. *Id.* at 572, 887 S.E.2d at 453.

In *Gonzalez*, a prior panel of this Court found that case was governed by *In re Civil Penalty* not *In re R.T.W.* because the "second of the conflicting decisions at issue . . . acknowledged and distinguished the first. . . . This means *In re R.T.W.* does not apply." *Gonzalez*, 263 N.C. App. at 531-32, 823 S.E.2d at 889 (citation omitted).

In *Marlow* a prior panel of this Court stated "because the Industrial

Commission does not have exclusive jurisdiction over the matter, [the p]laintiff need not have alleged facts sufficient to establish an exception to the Industrial Commission's exclusive jurisdiction under *Pleasant v. Johnson*, 312 N.C. 710, 717, 325 S.E.2d 244, 250 (1985)." *Marlow*, 288 N.C. App. at 574, 887 S.E.2d at 454.

The opinion in *Marlow* only cites *Pleasant* and not to *Woodson. Id.* These cases establish independent causes of action in the superior court and function as the two exceptions to the exclusivity provision of the Act before the Commission. The opinion in *Marlow* does not acknowledge its conflict with *Woodson*, *and* it also fails to acknowledge its conflict with application of the settled analysis for compensability of a claim from our Supreme Court to purportedly excuse exclusivity under the Act, bypass the Commission, and to allow jurisdiction in the superior court on an employer-employee claim.

### D. Cox, Miller, Neal, Plemmons, Askew, and Strickland

In *Cox v. Pitt County Transportation Co.*, our Supreme Court directly concluded the Commission's exclusive jurisdiction was a function of the existence of an employer-employee relationship and the legislative bargain reached by the enactment of the Act:

> In an action instituted in the Superior Court . . . , when the pleadings disclose an employee-employer relationship exists so as to make the parties subject to the provisions of the Workmen's Compensation Act, dismissal is proper, for the Industrial Commission has exclusive jurisdiction in such cases. . . . [T]he Superior Court can acquire jurisdiction in such cases only when a party to such

> proceeding duly appeals from the Commission to said court
> on matters of law involved therein.

259 N.C. 38, 42-43, 129 S.E.2d 589, 592 (1963) (internal citations omitted).  This

holding is directly consistent with *Miller v. Roberts*, 212 N.C. 126, 130, 193 S.E.286,

288 (1937), which held "The plaintiff alleges that the relationship of master and

servant existed between the defendants and her intestate, and that the defendants

were engaged in sawmill and lumber operations in North Carolina.  It was therefore

proper and competent to receive evidence upon which to determine the jurisdictional

fact."

In the same year and reporter volume as *Cox,* our Supreme Court restated and

further examined the precise question addressed in *Cox* in *Neal v. Clary* of whether

the Superior Court had properly dismissed the plaintiff's asserted negligence action

on the basis the Industrial Commission retained exclusive jurisdiction.  *Neal v. Clary*,

259 N.C. 163, 165, 130 S.E.2d 39, 40 (1963).  The Court considered three factors: (1)

whether an employer-employee relationship existed between the parties; (2) whether

the parties were both subject to the Workers' Compensation Act; and, (3) whether the

"injury arose out of and in the course of [the plaintiff's] employment[.]" *Id.*

The Court explained:

> Ordinarily, when the pleadings in a common law tort action
> disclose that the parties are subject to and bound by the
> provisions of the North Carolina Workmen's Compensation
> Act with respect to the injury involved, dismissal is proper
> for the Industrial Commission has exclusive jurisdiction in
> such cases.

> In the instant case, at the time of the hearing below, not only the pleadings tended to show that the employer-employee relationship existed with respect to [the] plaintiff's injury, but the evidence tended to show that all parties, including the defendant, were subject to and bound by the North Carolina Workmen's Compensation Act and that [the] plaintiff employee's injury arose out of and in the course of her employment . . . .

*Id.* The exclusivity provision of the Act mandates exclusive jurisdiction in the Commission with the only exceptions being the two instances delineated by our Supreme Court in *Woodson* and *Pleasant.* *See Plemmons v. White's Service, Inc.*, 213 N.C. 148, 149, 195 S.E. 370, 371 (1938) ("The condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment."). In *Askew v. Leonard Tire Co.*, decided by the Court two years after *Cox* and *Nea*l, it held: "The question whether the employer-employee relationship exists is clearly jurisdictional." 264 N.C. 168, 170-71, 141 S.E.2d 280, 282 (1965).

Twelve years after *Askew*, the Court further held jurisdiction and exclusivity in the Industrial Commission would exist if the pleadings revealed a co-employee relationship. *Strickland v. King*, 293 N.C. 731, 733, S.E.2d 243, 244 (1977). "[A]n employee subject to the [Workers' Compensation] Act whose injuries arise out of and in the course of his employment may not maintain a common law action against a negligent co-employee". *Id.*

These cases draw a jurisdictional bright line for nearly ninety years: If the plaintiff-workers' asserted pleadings reveal an employer-employee relationship exists

between the parties, and neither of the two recognized exceptions apply, the exclusivity provisions of the Act in the Commission applies. N.C. Gen. Stat. § 97-3 (2025).

## VI.    Conclusion

We all agree the Industrial Commission's jurisdiction is exclusive if the pleadings: (1) reveal an employer-employee relationship; (2) the parties are subject to the Workers' Compensation Act; (3) the injury arose out of and in the course of the employment; and, (4) no specific exceptions to the exclusivity provision apply. *See Neal*, 259 N.C. at 165 130 S.E.2d at 40; *Woodson*, 329 N.C. at 340–41, 407 S.E.2d at 228. Plaintiff's purported injuries occurred while in the course and scope of his employment. The Commission holds exclusive jurisdiction under the Act and had dismissed his earlier and properly asserted claim *without prejudice*.

The trial court erred by denying Defendants' Rule 12(b)(1) and 12(b)(6) motions to dismiss to the extent they were based on the jurisdictional exclusivity provisions of the Act. The order of the trial court is reversed.

Plaintiff's claim is properly before the Commission, who had dismissed his earlier asserted claim *without prejudice*. The order is reversed, and the cause is remanded to grant Defendants' Rule 12(b)(1) and 12(b)(6) motions based on the exclusivity provision of the Act and jurisdiction before the Industrial Commission. *It is so ordered.*

REVERSED AND REMANDED.

Judge GRIFFIN concurs.

Judge FLOOD dissents, by separate opinion.

FLOOD, Judge, dissenting.

As argued by Defendants, this appeal relates primarily to the relationship between the substantive law of workers' compensation and the exclusive jurisdiction of the Industrial Commission. As it pertains to this specific case, the question at bar consists of two subparts: (I) Is a tribunal's jurisdiction in a claim that may or may not fall under the exclusivity provision of the Workers' Compensation Act contingent on the status of the underlying claim as arising in the course and scope of employment? And, (II) did the trial court in this case correctly rule on its own jurisdiction? Defendants ask that we answer the first question in the negative; however, for the reasons discussed in the first part of this dissent, the developments in our caselaw through our Supreme Court's decision in *Woodson v. Rowland*, 329 N.C. 330 (1991), necessitate the conclusion that the exclusive jurisdiction of the Industrial Commission *does* depend, in part, on the substantive categorization of the claim as a workers' compensation claim. Specifically, as the Majority agrees, the exclusive jurisdiction of the Industrial Commission depends on the existence of four conditions: (1) the existence of an employer-employee relationship, (2) the parties being subject to the Workers' Compensation Act, (3) the injury arising out of and in the course of the employment, and (4) the inapplicability of any specific exceptions to the exclusivity provision announced by our Supreme Court. Therefore, where the injury does not arise out of and in the course of employment, the exclusive jurisdiction of the Industrial Commission does not apply.

As Defendants' misconceptions regarding the exclusive jurisdiction of the Industrial Commission reflect the understandable perception of ambiguity in our precedent, the first section of this analysis explains the origins of this four-part test as the law governing the respective jurisdictions of the Industrial Commission and the Superior Court. Then, in applying the law, I discuss my disagreements with the Majority's opinion and how I would apply our binding precedent.

### I) *Woodson*'s Jurisprudential Significance

First, I address whether a tribunal's jurisdiction in a claim that may or may not fall under the exclusivity provision of the Workers' Compensation Act is contingent on the status of the underlying claim as arising in the course and scope of employment. In addressing this issue, I agree with the bulk of the bedrock principles on which the Majority relies. The exclusive status of recovery under the Workers' Compensation Act for an appropriately categorized claim is beyond question, *see* N.C.G.S. §§ 97-9, 97-10.1 (2023), as is the exclusivity of the jurisdiction of the Industrial Commission over all Workers' Compensation claims, *see, e.g.*, *Chambers v. Transit Mgmt.*, 360 N.C. 609, 611 (2006); *Clark v. Wal-Mart*, 360 N.C. 41, 42 (2005); *see also* N.C.G.S. § 97-91 (2023) ("All questions arising under this Article if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided."). The difficulty in this case, as presented by Defendants, does not concern the propriety of jurisdiction over an unambiguous Workers' Compensation claim, but rather a claim

whose status as a Workers' Compensation claim is itself in dispute.

The Workers' Compensation Act itself is of little assistance in solving the issue before us, as the word "jurisdiction" appears only nine times in the text of Chapter 97, and never in reference to the exclusivity of the Industrial Commission's jurisdiction. Indeed, the only references to the jurisdiction of the Industrial Commission are located at N.C.G.S. §§ 97-24(b), 97-90(c), and 97-95 (2023), and none of these references speak to disputes in original jurisdiction as between the Industrial Commission and the Superior Court. Rather, the exclusivity of the jurisdiction of the Industrial Commission *vis a vis* the Superior Court is a judicial creation of our Supreme Court, albeit one announced almost immediately following the enactment of the Workers' Compensation Act in 1929. *See In re Hayes*, 200 N.C. 133, 140 (1931) (referring to the Industrial Commission as having "exclusive jurisdiction under the provisions of the [Workers' Compensation] [A]ct"). Thus, our most reliable guide in determining whether and when a type of claim is subject to the exclusive original jurisdiction of the Industrial Commission is the analytical practice of our Supreme Court. *State v. Scott*, 180 N.C. App. 462, 465 (2006) ("This Court is bound to follow the precedent of our Supreme Court." (citing *Cannon v. Miller,* 313 N.C. 324 (1985))).

Our Supreme Court's practice, while still somewhat opaque as to the exact demarcation between the Industrial Commission's jurisdiction and the Superior Court's, provides clearer guidance than the Workers' Compensation Act itself. Since the infancy of North Carolina's Workers' Compensation jurisprudence, our Supreme

3

Court has acknowledged some tension between the original jurisdiction of the Industrial Commission and the original jurisdiction of the Superior Court. In *Charnock v. Reusing Light & Refrigerating Co.*, for example—decided only three years after the original passage of North Carolina's Workers' Compensation Act[1]—our Supreme Court considered whether a claim that may or may not have sounded in workers' compensation is subject to the exclusive jurisdiction of the Industrial Commission:

> This is a civil action which was tried in the superior court for the recovery of damages for personal injury alleged to have been caused by the negligence of the defendants. . . . The defendants denied negligence, set up the usual defenses, and alleged that the plaintiff at the time of the injury was an employee of the defendant, and that any compensation to which he might be entitled should be awarded by the Industrial Commission. Issues involving all these questions were submitted to the jury and answered in favor of the plaintiff, and his damages were assessed.
>
> Under the Workmen's Compensation Act (Laws 1929, c. 120), every employer and employee, except as therein stated, shall be presumed to have accepted the provisions of the act; but there is no presumption that every person who is injured by a corporation or an individual is an employee of either. That is a matter of proof, which in this case the jury resolved against the defendants. To hold, as the appellants intimate, that the Industrial Commission has []"exclusive jurisdiction" to determine the relationship of the parties and that the superior court is ousted of its jurisdiction would be at least an anomaly in judicial procedure.

---

[1] Then called the "Workmen's Compensation Act."

*Charnock v. Reusing Light & Refrigerating Co.*, 202 N.C. 105, 105–06 (1932). Put differently, our Supreme Court's apparent holding in *Charnock* was that, where some material fact bearing on the jurisdiction of the Industrial Commission is in conflict, the Superior Court *may* resolve the issue. *See id.* The outstanding issue for our purposes, then, is whether the categorization of the claim as sounding in workers' compensation is a jurisdictional issue.

Our Supreme Court has addressed this question largely in passing, and its caselaw before *Woodson* arguably supported two different answers. Prior to *Woodson*, the weight of its jurisprudence suggested that the Industrial Commission's exclusive jurisdiction triggers solely upon an uncontroverted finding that an employer-employee relationship existed between the parties. In *Charnock*, for example, the dividing line between a question resolvable exclusively by the Industrial Commission and a question that may be resolved in Superior Court as a court of general jurisdiction appears to have been whether an employer-employee relationship existed. *Id.* Similarly, in *Cox v. Pitt County Transportation Co.*, our Supreme Court expressed directly that the Industrial Commission's exclusive jurisdiction was a function of the existence of an employer-employee relationship:

> In an action instituted in the Superior Court . . . , when the pleadings disclose an employee-employer relationship exists so as to make the parties subject to the provisions of the Workmen's Compensation Act, dismissal is proper, for the Industrial Commission has exclusive jurisdiction in such cases. [] [T]he Superior Court can acquire jurisdiction

5

> in such cases only when a party to such proceeding duly
> appeals from the Commission to said court on matters of
> law involved therein.

*Cox v. Pitt Cnty. Transp. Co.*, 259 N.C. 38, 42–43 (1963) (internal citations omitted);

*see also Miller v. Roberts*, 212 N.C. 126, 130 (1937) ("The plaintiff alleges that the

relationship of master and servant existed between the defendants and her intestate,

and that the defendants were engaged in sawmill and lumber operations in North

Carolina. It was therefore proper and competent to receive evidence upon which to

determine the jurisdictional fact."); *Askew v. Leonard Tire Co.*, 264 N.C. 168, 170

(1965) ("The question whether the employer-employee relationship exists is clearly

jurisdictional."). These cases appeared to draw a jurisdictional bright line: If the

pleadings reveal an employer-employee relationship exists between the parties, the

provisions of the Workers' Compensation Act are presumed to apply,[2] *see* N.C.G.S. §

97-3 (2023), and the remaining questions regarding whether the injury is

compensable as a workers' compensation claim—or, alternatively, not compensable

as workers' compensation and therefore capable of being pursued as an ordinary civil

lawsuit—are for the Industrial Commission to resolve.

Even before *Woodson*, however, our Supreme Court's analysis provided an

---

[2] Presumably, the same would also be true if the pleadings revealed a co-employee relationship. *See Strickland v. King*, 293 N.C. 731, 733 (1977) (holding that, ordinarily, "an employee subject to the [Workers' Compensation] Act whose injuries arise out of and in the course of his employment may not maintain a common law action against a negligent co-employee").

alternative answer to the jurisdictional question, discussing the existence of the employer-employee relationship as one of *several* factors informing whether the Industrial Commission's jurisdiction was exclusive of the Superior Court's rather than the single, determinative factor. Specifically, in *Neal v. Clary*, our Supreme Court addressed the precise question of whether the Superior Court properly dismissed the plaintiff's negligence action on the basis that the Industrial Commission retained exclusive jurisdiction. *Neal v. Clary*, 259 N.C. 163, 165 (1963). In answering the question, the Court considered three factors: (1) whether an employer-employee relationship existed between the parties; (2) whether the parties were both subject to the Workers' Compensation Act; and (3) whether the "injury arose out of and in the course of [the plaintiff's] employment[.]" *Id.* The Court explained:

> Ordinarily, when the pleadings in a common law tort action disclose that the parties are subject to and bound by the provisions of the North Carolina Workmen's Compensation Act with respect to the injury involved, dismissal is proper for the Industrial Commission has exclusive jurisdiction in such cases.
>
> In the instant case, at the time of the hearing below, not only the pleadings tended to show that the employer-employee relationship existed with respect to [the] plaintiff's injury, but the evidence tended to show that all parties, including the defendant, were subject to and bound by the North Carolina Workmen's Compensation Act and that [the] plaintiff employee's injury arose out of and in the course of her employment . . . .

7

*Id.* In so doing, it tethered the standards governing the exclusivity of the Industrial Commission's jurisdiction to the standards governing whether a claim is substantively recoverable as workers' compensation. *See Plemmons v. White's Serv., Inc.*, 213 N.C. 148, 149 (1938) ("The condition antecedent to compensation is the occurrence of an injury (1) by accident (2) arising out of and (3) in the course of employment." (citations omitted)). Thus, prior to *Woodson*, our Supreme Court's decisions would have supported either of two different interpretations of when the jurisdiction of the Industrial Commission becomes exclusive of the Superior Court's—one interpretation, stemming from *Cox*, in which the jurisdictional inquiry depends solely on the existence of the employer-employee relationship, and another, stemming from *Neal*, in which the jurisdictional analysis depends on the claim being compensable as workers' compensation.

*Woodson* resolved this ambiguity in our caselaw, however—if not explicitly, then implicitly through its ratification of the procedure antecedent to its landmark holding. Though the oft-salient holding in *Woodson* relates solely to an exception to the Workers' Compensation Act's exclusivity provision, permitting ordinary civil liability on the part of an employer who "intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is injured or killed by that misconduct," *Woodson*, 329 N.C. at 340, our Supreme Court in *Woodson* also devoted a significant amount of discussion to the procedure below it. Specifically, it remarked that, in addition to the pleadings

8

unambiguously revealing that the decedent employee was, in fact, in an employer-employee relationship with a defendant, *id.* at 334, the claim had been brought *both* before the Superior Court—the tribunal from which the appeal was taken—and before the Industrial Commission:

> Pursuant to N.C.G.S. § 28A-18-2, [the] plaintiff filed civil suits against [the defendants]. In July 1987, [the] plaintiff filed a Workers' Compensation claim to meet the filing deadline for compensation claims. In order to avoid a judicial ruling that she had elected a workers' compensation remedy inconsistent with the civil remedies she presently seeks, [the] plaintiff specifically requested that the Industrial Commission not hear her case until completion of this action. The Commission has complied with her request, and [the] plaintiff has received no benefits under the Workers' Compensation Act.
>
> In the civil actions before us, the trial court granted all [the] defendants' motions for summary judgment; and the Court of Appeals affirmed, with Judge Phillips concurring in part and dissenting in part. [The] [p]laintiff appealed of right on the basis of Judge Phillips' dissent, and we granted her petition for discretionary review as to additional issues.

*Id.* at 336–37. In reaching its holding, our Supreme Court reiterated its cognizance of the underlying procedure and explicitly ratified the idea that the claim could have been brought as workers' compensation—a claim necessarily subject to the exclusive jurisdiction of the Industrial Commission, *see* N.C.G.S. § 97-91 (2023)—or as a wrongful death claim in a court of general jurisdiction:

> We hold that when an employer intentionally engages in misconduct knowing it is substantially certain to cause serious injury or death to employees and an employee is

> injured or killed by that misconduct, that employee, or the personal representative of the estate in case of death, may pursue a civil action against the employer. Such misconduct is tantamount to an intentional tort, and civil actions based thereon are not barred by the exclusivity provisions of the Act. Because, as also discussed in a subsequent portion of th[e] opinion, the injury or death caused by such misconduct is nonetheless the result of an accident under the Act, workers' compensation claims may also be pursued. There may, however, only be one recovery.

*Woodson*, 329 N.C. at 340–41.

*Woodson*'s procedural background and ultimate holding are critical to resolving the discrepancy in our caselaw between *Cox* and *Neal*. As previously stated, prior to *Woodson*, our caselaw supported only one of two answers to the question of when the exclusivity of the Industrial Commission's jurisdiction triggers: (1) upon pleadings establishing solely the existence of the employer-employee relationship, or (2) upon the claim being compensable as workers' compensation. In acknowledging the validity of the Superior Court's jurisdiction despite the pleadings unambiguously establishing the existence of an employer-employee relationship, *id.* at 340, *Woodson* foreclosed the first option, ratifying the Superior Court's exercise of jurisdiction over a claim that had already reached the stage where an employer-employee relationship was clear from the pleadings. If it were the case that the employer-employee relationship itself conferred exclusive jurisdiction on the Industrial Commission, *Woodson* would have never reached the merits—it would have been for the Industrial Commission, not the Superior Court, to determine in the first instance whether an

exception to the exclusivity provision applies. That our Supreme Court took no issue with the procedural background in *Woodson* confirms that there is no distinction in our caselaw between whether, analytically, the exclusivity provision applies to a given *claim* and whether the Industrial Commission has exclusive *jurisdiction. Cf. Trivette v. Yount*, 366 N.C. 303, 310 (2012) (holding that "the trial court correctly denied [the] defendant's Rule 12(b)(1) motion to dismiss on the grounds that *the exclusivity provision of the [Workers' Compensation] Act deprived the trial court of jurisdiction*" (emphasis added)); *but see Bowden v. Young*, 239 N.C. App. 287, 290 (2015) (noting the exclusive jurisdiction of the Industrial Commission extends to claims that do not directly sound in workers' compensation if they are "ancillary" to a workers' compensation claim).

To be sure, there is ambiguity in our caselaw concerning when and how the exclusive jurisdiction of the Industrial Commission in Workers' Compensation cases is to be applied; our Supreme Court, before *Woodson*, acknowledged that lower courts expressed difficulty distinguishing between jurisdictional facts and substantive ones. *Askew*, 264 N.C. at 171 (1965) ("In some of the cases the question as to employer-employee relationship was not *expressly* presented as jurisdictional, and the Court, perhaps unmindful of the jurisdictional nature of the question, applied the rule that the Commission's findings of fact are conclusive on appeal when supported by competent evidence—the rule as to findings of non-jurisdictional facts." (internal citation omitted)). The same has been true before the Court of Appeals, where we

have, even after *Woodson*, referenced the existence of the employer-employee relationship as the sole, determinative factor governing whether the Industrial Commission's jurisdiction was exclusive of the Superior Court's. *Christopher v. N.C. State Univ.*, 190 N.C. App. 666, 669 (2008) ("The determinative factor that subjects the parties to the provisions of the North Carolina Workers' Compensation Act is whether an employee-employer relationship exists." (citing *Cox*, 259 N.C. at 42)). Nonetheless, we are required to follow our Supreme Court's precedent, *see Scott*, 180 N.C. App. at 465, and it is impossible to square our Supreme Court's approval of the procedural posture in *Woodson* with a reading of our caselaw that tethers the exclusive jurisdiction of the Industrial Commission to anything other than whether the claim is, in substance, a workers' compensation claim. *See Woodson*, 329 N.C. at 340–41; *see also Neal*, 259 N.C. at 165.

In summary, in light of our Supreme Court's decision in *Woodson*, I would hold the applicable framework governing whether the Industrial Commission's jurisdiction is exclusive of the Superior Court's is the framework articulated in *Neal*, along with the additional consideration that the claim not be subject to any exceptions to the exclusivity provision announced in our Supreme Court's post-*Neal* decisions. As stated in the Majority's opinion and at the outset of this dissent, the Industrial Commission's jurisdiction is exclusive if the pleadings (1) reveal an employer-

employee relationship, (2) the parties are subject to the Workers' Compensation Act,[3] (3) the injury arose out of and in the course of the employment, and (4) no specific exceptions to the exclusivity provision apply. *See Neal*, 259 N.C. at 165; *Woodson*, 329 N.C. at 340–41. If any of these facts bearing upon the exclusivity of the Industrial Commission's jurisdiction are controverted, then either tribunal may appropriately hear the claim unless and until the issue is resolved as a matter of jurisdictional factfinding. *See Charnock*, 202 N.C. at 106; *Woodson*, 329 N.C. at 336; *see also Morse v. Curtis*, 276 N.C. 371, 374 (1970) ("The Superior Court is a court of general jurisdiction and has jurisdiction in all actions for personal injuries caused by negligence, except where its jurisdiction is divested by statute."). Upon a determination that all of the *Neal* factors are present, the jurisdiction of the Industrial Commission becomes exclusive and the Superior Court is divested of jurisdiction, *see Neal*, 259 N.C. at 165; if, on the other hand, it is determined that any of the *Neal* factors is absent, the Industrial Commission is without jurisdiction, as the claim is not compensable as workers' compensation, *see* N.C.G.S. § 97-91 (2023). Finally, in rare cases, such as where the *Woodson* exception applies, the claim may be capable of being brought before either tribunal even after the jurisdictional

---

[3] This factor is presumed satisfied as to every employer and employee pursuant to N.C.G.S. § 97-3 and therefore would explicitly enter a jurisdictional analysis only if controverted by the evidence. N.C.G.S. § 97-3 (2023) ("[E]very employer and employee, as hereinbefore defined and except as herein stated, shall be presumed to have accepted the provisions of this Article respectively to pay and accept compensation for personal injury or death by accident arising out of and in the course of his employment and shall be bound thereby.").

factfinding stage. *Woodson*, 329 N.C. at 349.

Moreover, I note that, contrary to what Defendants suggest, the mere existence of precedent where jurisdiction originated in the Industrial Commission does not conflict with the legal principles outlined above. As discussed above, a claim with a jurisdictionally indeterminate status can be brought before either the Industrial Commission or the Superior Court. Considering this, it is hardly surprising that many, if not most, aggrieved parties would err on the side of bringing their claims as workers' compensation rather than incur the burdensome process of having their claims dismissed in Superior Court under the "liberally construed" exclusivity provision of the Workers' Compensation Act. *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 635 (2007). And, tellingly, after careful review, not one of the eighteen cases cited by Defendants in support of the proposition that the procedure in this case violated our precedent presents any positive law forbidding a plaintiff from bringing a claim for which the status as workers' compensation is indeterminate in Superior Court. I discern no conflict, therefore, between this line of cases and the standard for determining the exclusivity of the Industrial Commission's jurisdiction applied in *Neal* and confirmed in *Woodson*.

## II) Superior Court's Jurisdictional Ruling

Pursuant to governing law, I now apply these principles to the question of whether the Superior Court correctly ruled on its own jurisdiction in this case. Initially, I observe that both Defendants and the Majority question the precedential

validity of *Jackson v. Timken Co.*, 265 N.C. App. 470 (2019), and *Marlow v. TCS Designs, Inc.*, 288 N.C. App. 567 (2023), albeit on different grounds. Specifically, Defendants challenge the authority of *Jackson* and *Marlow* on the ground that "whether a claim arises out of [] employment is a question reserved for the Industrial Commission[,]" relying on the aforementioned cases originating in the Industrial Commission for the purported proposition that the exclusivity of the Industrial Commission's jurisdiction is determined at a point antecedent to whether the injury arose out of and in the course of the employment. For the reasons discussed in the first part of this dissent, this challenge to the binding status of *Jackson* and *Marlow* rests on what I consider a misapprehension of the applicable law. As the resolution of that question would completely resolve the legal challenge actually argued on appeal, *see* N.C. R. App. P. 28(a), 28(b)(6) (2025), and there are no further grounds for challenging the jurisdiction of the Superior Court apparent from the Record, I would end the analysis there and affirm the trial court's order.

The Majority, however, has accepted Defendants' invitation to disavow *Jackson* and *Marlow* for reasons it states are unrelated to the legal standards governing jurisdiction. Agreeing with the applicability of the four-part jurisdictional test applied in *Neal* and confirmed in *Woodson*, the Majority's position is that *Jackson* and *Marlow* are in conflict with our earlier precedent, and, per the command of our Supreme Court, *see In re R.T.W.*, 359 N.C. 539, 542 n.3 (2005), we must apply the earlier case that conflicts with *Jackson* and *Marlow*.

15

The conflicting case is supposedly *Woodson* itself. But it is not clear from the Majority's analysis in what way *Woodson* conflicts with *Jackson* and *Marlow*, as neither of the latter cases purported to assert a *Woodson* exception, let alone failed to recognize one. By the Majority's account, *Jackson* and *Marlow* conflict with *Woodson* on jurisdictional analysis grounds, where (1) "[t]here is an apparent direct conflict between the line of *Woodson* cases and *Marlow*'s application of the long-established compensability analysis to bypass the Commission and allow jurisdiction in the [S]uperior [C]ourt for employer-employee claims[,]" and (2) "[t]here is also a direct conflict between *Marlow's* application of the analysis to determine compensability of a claim to purportedly allow jurisdiction against the employer and co-employees in the [S]uperior [C]ourt." *See supra*. With these assertions, the Majority appears to apply a version of the *Cox* line of cases, reducing the exclusivity of the Industrial Commission's jurisdiction to whether an employer-employee relationship exists and whether a specific exception to the exclusivity provision applies. *See Cox*, 259 N.C. at 42-43; *Woodson*, 329 N.C. at 340–41. After disavowing *Jackson* and *Marlow* on the grounds that *Woodson* requires us to apply a *Cox*-style jurisdictional analysis, the Majority yet affirms an agreement with—and application of—the jurisdictional framework in *Neal* to hold that "Plaintiff's injuries occurred while in the course and scope of his employment." *See supra*.

This reasoning is inscrutable. It cannot be the case that *Woodson* requires us to apply a *Cox*-style analysis for purposes of invalidating *Jackson* and *Marlow*, then

requires us to apply a *Neal*-style analysis once *Jackson* and *Marlow* have been disavowed so that we can reverse the trial court as to whether Plaintiff's injury arose out of his employment. Rather than welcoming this analytical Ouroboros into our caselaw, I would simply hold that there is no direct conflict between *Woodson*, *Jackson*, and *Marlow*; that *Jackson* and *Marlow* correctly applied the law as to jurisdiction; and that *Jackson*'s and *Marlow*'s holdings as to whether an injury arises out of and in the course of the employment must control in this case via *In re Civil Penalty.*, 324 N.C. 373, 384 (1989) ("[W]here a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court.").

In summary, in light of the principles discussed in the first part of this dissent and the binding holdings in *Jackson* and *Marlow* discussed previously in the second part, I would apply the law to the facts as follows. In *Jackson*, the plaintiff "alleged he was negligently diagnosed and treated after suffering a stroke at work[,]" filing parallel claims against his employer for medical negligence in Superior Court and for workers' compensation before the Industrial Commission. *Jackson*, 265 N.C. App. at 470–71. On direct appeal, we affirmed the Superior Court's ruling that the plaintiff's injury did not arise out of his employment, noting the lack of relationship between the plaintiff's "employment as a grinding machine operator" and the injury because the stroke was "not a natural or probable consequence of the nature of [the] [p]laintiff's employment." *Id.* at 474. Similarly, in *Marlow*, we affirmed the Superior

Court's denial of a motion to dismiss a negligence claim against an employer for the decedent's intentional shooting by a coworker because the decedent's "death, although caused by a coworker, is not 'a natural and probable consequence of the nature of [her] employment.'" *Marlow*, 288 N.C. App. at 569–70, 573 (first quoting *Morgan v. Morgan Motor Co. of Albemarle*, 231 N.C. App. 377, 381 (2013), *aff'd*, 368 N.C. 69 (2015); then citing *Jackson*, 265 N.C. App. at 474). In both cases, we correctly upheld the Superior Court's exercise of jurisdiction on the basis that the injury alleged did not arise out of the plaintiff's employment. *Jackson*, 265 N.C. App. at 473–74; *Marlow*, 288 N.C. App. at 570.

Here, as in *Jackson*, Plaintiff's injuries were the result of a stroke, and his claims before the Superior Court were derivative of the failure of those present to adequately respond to, and treat, the condition. As in *Jackson*, the injury was not a natural or probable consequence of Plaintiff's work managing a Tropical Smoothie Café. Furthermore, this injury was even less related to Plaintiff's employment than the injuries of the plaintiff in *Jackson*, as the pleadings indicate Plaintiff's managerial duties had not formally commenced at the time of the injury. Following the fact pattern in *Jackson*, and in light of the principle in both *Jackson* and *Marlow* that an injury does not arise out of employment if it is not a natural and probable consequence of the nature of the employment, I would therefore affirm the trial court.

For these reasons, I respectfully dissent.